SAMUEL J. KALER & another *vs.* BUILDERS' MUTUAL FIRE INSURANCE COMPANY.

Suffolk.   March 30. — May 6, 1876.   COLT & LORD, JJ., absent.

In an action on a policy of insurance against fire, the issues were whether an addition to the building, in which was the property insured, materially increased the risk, and whether the insurer assented to the addition being made. A witness for the defendant, who had the general management of its business, was asked on cross-examination whether the plaintiff did not, in an interview with him, show him a letter containing the statement: "All my companies have paid, and I see no reason why the others should not pay." The witness answered in the negative. *Held*, that the evidence was collateral and irrelevant to the issues on trial, that the witness could not be contradicted, and that the admission of a letter written by an agent of other insurance companies, containing such a clause, with evidence that it was shown to the witness, gave the defendant good ground of exception.

CONTRACT upon a policy of insurance against fire, on machinery, tools and stock in the plaintiffs' shop. The policy contained the following clause: "This policy is made and accepted upon the following express conditions, viz., that whenever a building hereby insured, or containing the property insured, shall be altered, enlarged or appropriated to any other purpose than those herein mentioned, or, if the risk shall be otherwise increased by any means within the control of the assured without the consent of this company, this policy shall be void."

At the trial in the Superior Court, before *Rockwell*, J., the case was submitted to the jury on two issues: 1st. Whether an addition, which had been made to the building insured, materially increased the risk. 2d. Whether the defendant consented to the making of the addition.

Charles E. Miles, the vice-president and treasurer of the defendant company, was called as a witness for the defendant, and testified that he had the general management of the defendant company; that the defendant never consented to the plaintiffs' building the addition to, or new structure by, the building containing the property insured. He and others were allowed to testify as experts, and gave evidence that it was the general custom of underwriters to charge additional or extra premiums for consent to building additions to or structures or buildings adjoining buildings containing property insured. The plaintiffs' counsel asked nearly all these experts whether it was the general custom of underwriters to charge extra or additional premiums in such cases if they were satisfied that such additions or buildings did not increase the risk, and they answered that it was not. On the cross-examination the plaintiffs' counsel were allowed to ask Miles, who had testified to two conversations with the plaintiffs, neither of which had been called for on his direct examination, if the plaintiffs did not in an interview with him at one of said conversations show a letter containing the statement in substance, "All my companies have paid, and I see no reason why the others should not pay, as Mr. Joslyn had the same notice for his companies that I had for mine." To this question the witness said they did not, and subsequently, after the letter was introduced, witness said that he did not remember seeing such a letter. The plaintiffs then offered, for the purpose of contra-

dicting Miles, evidence that the plaintiffs showed to Miles the following letter: "Hudson, Sept. 17, 1874. Mr. Miles, Dear Sir: The bearers, Messrs. Kaler & Shaw, of this place, whose piano-forte case stock was insured in your Co., and which was destroyed by fire July 4th, are desirous of having their loss settled. All my Cos. have paid, viz.: Royal, Pennsylvania; Franklin, Hartford; People's, of N. J., and Equitable, of Prov., on the building, and Ætna on the stock. Mr. Pratt, of the First National, has also settled for theirs, and drawn upon the Bangor for theirs. I see no reason why the others should not pay, as Mr. Joslyn had the same notice for his Cos. that I had for mine. Truly yrs, Geo. S. Rawson, Genl. Agt."

This letter was written by one Rawson, who negotiated other insurance for other companies on said building, but who had nothing to do with the insurance in this suit or with the defendant company. The plaintiffs also offered the letter in evidence to contradict Miles. To the admission of this evidence and letter the defendant objected, but the judge allowed it to be given for the purpose of contradicting Miles, and instructed the jury that this letter was admitted only for the purpose of contradicting Miles, and for no other purpose. The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*W. F. Slocum & W. S. Slocum,* for the defendant.

*S. B. Allen & J. D. Long,* for the plaintiffs.

AMES, J. The effect, and as may reasonably be supposed the purpose, of the cross-examination of the witness, Miles, was to bring before the jury the contents of the letter from Rawson. The letter was admitted, not in order to explain, or to throw any light upon any conversation in which Miles took part, but for the purpose of contradicting him, and for no other purpose. So far as we can judge from the bill of exceptions, the only contradiction of his testimony was in that part of it in which he said that no such letter had been shown to him, or that he did not remember seeing such a letter. Nothing is disclosed in the report having any tendency to make the letter a part of the conversation, and in that respect the case differs from *Commonwealth v. Vosburg,* 112 Mass. 419, which is cited and relied upon by the plaintiffs.

It is a well settled rule that a witness cannot be cross-examined as to any fact, which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it. 1 Greenl. Ev. § 449. As to any such fact his answers are conclusive. The authorities to this effect are numerous. *Farnum* v. *Farnum*, 13 Gray, 508. *Commonwealth* v. *Cain*, 14 Gray, 7. *Fletcher* v. *Boston & Maine Railroad*, 1 Allen, 9. We see no possible ground upon which the letter from Rawson could be said to be otherwise than collateral and irrelevant. It was merely the expression of Rawson's opinion as to the merits of the plaintiffs' case. But Rawson was not an agent for the defendant and had nothing to do with this policy of insurance. The purport of the letter was that the companies which he represented had paid the amounts which they had insured upon the same property, and that he, Rawson, saw no reason why the defendant should not do the like. But as the defendant had nothing to do with Rawson, and was not bound by his judgment, it was wholly immaterial whether its agent Miles had or had not seen his letter. As the tendency of the letter was to show that the defendant was unreasonably resisting a claim which other insurance companies had found upon investigation to be well founded and meritorious, its admission in evidence could not fail to be prejudicial to the defendant.                    *Exceptions sustained.*