## Horace W. Jordan *vs.* Alice McKinney.

Suffolk.    March 4. — May 9, 1887.    Field, C. Allen, & Gardner, JJ.,
                                      absent.

At the trial of a writ of entry, the tenant claimed title to the demanded premises
    under a deed, made to her by her husband shortly before their marriage, and
    alleged to be fraudulent and void as against creditors of the husband.  A., a
    son of the grantor, who had occupied the dwelling-house on the premises con-
    tinuously for many years, both before and after the deed in question was
    given, was a witness for the tenant, and testified, upon cross-examination, that
    the tenant owned the house, and that he and his family were occupying it
    by her permission.  B., a witness for the demandant, was allowed to testify
    that, about two months after the deed was given, A. stated to the witness that
    the deed was made for the purpose of defrauding creditors.  *Held*, that the
    evidence of B. did not tend to contradict any material fact in A.'s testimony,
    and was improperly admitted.

Writ of entry to recover a parcel of land in that part of
Boston formerly Brighton.  Plea, *nul disseisin*.  At the trial in
the Superior Court, before *Knowlton*, J., the demandant claimed
title under a levy of an execution, the land having been spe-
cially attached as the property of the tenant's husband, stand-
ing in her name.  The tenant claimed title under a deed from
her husband, made shortly before their marriage, which deed
the demandant contended was fraudulent and void as against
the husband's creditors.  The jury returned a verdict for the
demandant; and the tenant alleged exceptions to the admis-
sion of certain evidence, the nature of which appears in the
opinion.

*G. A. Blaney*, for the tenant.

*W. Gaston & E. Tappan*, for the demandant.

Morton, C. J.    The only question presented is as to the com-
petency of the testimony of Charles H. Snow, a witness called
by the demandant.  He testified that, about two months after
the deed alleged to be fraudulent was given, Bernard McKinney,
a son of the grantor, stated, in substance, that the deed was made
for the purpose of defrauding the creditors of the grantor.  It is
too clear to admit of any doubt, that this statement of Bernard
McKinney, being merely an expression of opinion by a party
who is a stranger to the suit, was not admissible as substantive

evidence. The demandant contends that it was admissible, because it contradicted the testimony of said Bernard given in his deposition for the tenant.

Undoubtedly a party may impeach the credit and contradict the testimony of an adverse witness by showing that, upon some matter which is relevant and material, he has at other times made statements which are inconsistent with his testimony. But it is equally well settled that a party cannot, by drawing out, on cross-examination, statements by a witness which are irrelevant and collateral, gain the right to contradict such testimony by showing inconsistent statements of the witness at other times. *Farnum* v. *Farnum*, 13 Gray, 508. *Kaler* v. *Builders' Ins. Co.* 120 Mass. 333.

Bernard McKinney states in his deposition, upon cross-examination, that the tenant owns the dwelling-house, and that he and his family were occupying it by her permission. The statement that the tenant owns the house is merely an expression of his opinion, is incompetent either in direct or cross examination, and would have been stricken from the deposition, upon motion by the demandant. It is an immaterial and irrelevant statement, and the demandant cannot contradict it. The statement that the witness was occupying it by the permission of the tenant is material. He had occupied the house continuously for many years, both before and after the deed in question was given. If, after the deed was given, he continued to occupy under his father in the same manner as before, the knowledge of the tenant might be inferred, and the fact would have some tendency to support the ground of the demandant, that the deed was formal and fraudulent. The question, therefore, is the very narrow one, whether the statement made by Bernard to Snow tended to contradict his testimony that he was occupying the house by the tenant's permission. The substance of the statement to Snow was, " I want you to attach the house ; father has conveyed that away to defraud us boys of our legal rights and our creditors from being paid."

As to all the world except creditors, the deed was valid. Bernard could not contest it. We cannot see how the fact that he then thought, or now thinks, that the deed was fraudulent as to creditors, has any fair tendency to show that, since it was given,

he has not occupied by the permission of the tenant, who, as to him, was the legal owner. His statements to Snow are not inconsistent with, and do not contradict, his testimony in his deposition upon any material fact; and, as they were of a character which could not fail to be prejudicial to the tenant, we are of opinion that she is entitled to a new trial.

*Exceptions sustained.*