plaintiff that it would not have been error if the Court had directed the jury to find for the defendant.

The judgment must be affirmed with costs.

------▶ ◆ ◀------

### HONORIA BROWN vs. JOHN BROWN.

In a bill filed for divorce under Sec. 3228 *Comp. Laws*, for refusal to support, it is not necessary to aver any cruel treatment except what is involved in the gross, wanton and cruel neglect and refusal of the defendant to support his wife, he being of sufficient ability.

Either party during the period allowed for taking proofs, may introduce any relevant testimony at any time before the proofs are closed.

Appeal from Ionia Circuit.

*Opinion by* COOLEY, J.—The bill in this case was filed to obtain a limited divorce and for alimony. The parties were married November 10, 1845, and the bill avers, as the cause for divorce, inhuman and cruel treatment for the last three or four years, and neglect to support for the last year. The bill contains further allegations, showing the pecuniary ability of the defendant to support his wife well, and that she has always been faithful and devoted in her marital relations.. It was not claimed by the complainant that this bill would warrant a divorce for extreme cruelty, nor was the evidence in the case taken on any such theory. On the contrary, all the evidence is directed to the question of a gross, wanton and cruel neglect and refusal to support. A question is made in this Court of the sufficiency of the bill to warrant any decree for complainant, and the testimony taken appears to have been objected to on the ground that no case was made by the bill, because the cruelty charged was not set out with more particularity.

*Held*, However, that a bill for divorce on the ground of refusal to support is sufficient. In suing for divorce on that ground it was not necessary to aver any cruel treatment, except what was involved in the gross, wanton and cruel neglect and refusal of the defendant to support his wife, he being of sufficient ability. It appears, however, from the evidence, that the complainant is living apart from the defendant and that while he refuses to furnish her the means of

support away from his home, he nevertheless expresses a willingness to receive and support her there. The bill was sufficient, the pleadings were correct, and the evidence was admissible under them.

The Court took the occasion to remark upon a matter of practice. It seems that the Circuit Court Commissioner regarded it as his duty to hold the parties to the same order of proof to which they would be held in a trial at law, and he accordingly refused to take certain evidence, because, though relevant to the party's case or defense, it was not brought forward by the party until the time for rebutting testimony, and was not rebutting in character.

*Held,* That the Commissioner has mistaken the practice. Either party, during the period allowed by the rules for taking proofs, has a right to take his testimony in any order he may choose, and the complainant is not precluded from offering proof in support of his original case by the fact that the defendant has gone into or gone over his defense. The same is true of the defendant. He may put in any relevant testimony at any time before the proofs are closed.

---

## EDWARD S. GEARY *vs.* THE PEOPLE.

Exceptions to a charge must point out specifically the errors complained of.

The law of 1869, requiring charges to be written does not operate to make the charge a part of the record so as to be reviewable as an entry.

The interest or bias of a witness may be shown, as bearing upon the credit of the witness.

Error to Eaton Circuit.

*Opinion by* CAMPBELL, Ch. J.—Plaintiff in error was charged with an assault with intent to commit rape, and was convicted of an assault. There was one general exception to the entire charge of the Court, pointing out no particular matters complained of in it.

*Held,* That exceptions to a charge should be specific enough to show what parts of it are regarded as error, or how it injuriously affects the rights of the party excepting.

It is claimed under the law of 1869, requiring charges to be