### ERNESTINE DASHBACK v. JACOB DASHBACK.

*Divorce—Bill for on ground of extreme cruelty—Must specify specific acts —Or no proof adm issible on that branch of the case—Desertion— Held not established (see head-note 2)—Failure to support—See head-note 3 for facts amounting to.*

1. Where a bill for divorce on the  ground of extreme cruelty fails to specify any specific acts of cruelty,  no proof is admissible on that branch of the case.

2. Where a husband and wife left *his* farm and went to reside with *her* parents, and three months thereafter separated, but the proof fails to show whether he was *driven* away or left *voluntarily,* intending to desert his wife, a case of desertion is not made out.

3. Where the proof is ample that a husband was of "sufficient ability" to furnish his wife a suitable maintenance, and that he *grossly* and *wantonly* neglected so to do, a decree will be granted the wife for an absolute divorce.

Appeal from Manistee.    (Judkins, J.)    Argued June 24, 1886.    Decided July 1, 1886.

Bill for divorce.    Complainant appeals.    Decree reversed, and one entered granting relief prayed for.    The facts are stated in the opinion.

*S. W. Fowler*, for complainant.

*A. V. McAlvay*, for defendant.

CHAMPLIN, J. Complainant asks for a divorce upon the ground of extreme cruelty, wanton refusal and neglect to provide her a suitable sustenance, and desertion.

The bill of complaint does not specify any acts of cruelty, and consequently it is insufficient to allow the introduction of any proof upon that branch of the case: *Briggs v. Briggs*, 20 Mich. 41; *Bennett v. Bennett*, 24 Id. 482.

Neither do the proofs make a case of desertion. After leaving defendant's farm they both went to reside with her parents, and after about three months they separated. While there he caused a great deal of trouble. His father-in-law was obliged to remain home a good share of the time to restrain him from acts of violence, and finally he went away; but the circumstances under which he left are not narrated by the witnesses.

The presumption is just as strong that he was driven away as it is that he left voluntarily with the intention of deserting his wife. There is, however, abundant evidence that he was of sufficient ability to supply his wife with a suitable maintenance, and that he grossly and wantonly neglected so to do.

The complainant must be awarded the care and custody of the child, as prayed for; and the decree of the circuit court must be reversed, and a decree entered here dissolving the marriage between the parties for the cause last stated.

The complainant is entitled to the costs of both courts.

The other Justices concurred.