MARY A. WHITACRE v. MATHEW J. WHITACRE.

*Divorce—Extreme cruelty—Non-support.*

Where the testimony in a divorce case showed that, during the year the parties lived together, the husband, being of sufficient ability, furnished but two dollars and fifty cents for the support of his wife, and that during ten months of the year he was in the habit of cursing and swearing at her, and using vile and indecent names, in the presence of her children, to one of whom he gave a flogging, and frequently threatened to drive them away from home, and finally told his wife he would live with her no longer, and drove her from the house,—

*Held,* sufficient to entitle the wife to a divorce for failure to support and for cruel treatment, within the meaning of How. Stat. § 6229.

Appeal from Clinton. (Smith, J.) Argued January 5, 1887. Decided January 13, 1887.

Bill for divorce. Complainant appeals. Decree set aside, and new one entered according to prayer of bill. The facts are stated in the opinion.

*Auten & Moss,* for complainant.

[No appearance for defendant.]

SHERWOOD, J. The bill in this case is filed by the complainant to obtain a decree of divorce, the cause alleged being cruel treatment and refusal to support.

The parties were married on the fifth day of November, 1880. They lived together as husband and wife about a year, in the town of Essex, in the county of Clinton, in this State, when, as the complainant avers, in consequence of the cruel conduct of the defendant, she was driven from his home, and ever since he has failed to receive her back, or furnish her with any support.

The complainant, when she was married to the defendant, had two children by a former husband, who had been dead several years. These children, a daughter and son, both lived with the parties so long as the defendant lived with his wife.

Personal service of process was obtained upon the defendant. He, however, neither appeared nor answered, and the bill of complaint was taken as confessed against him.

Proofs were taken before a commissioner, and the complainant was examined in open court.

The circuit judge, after examining the case, denied the relief prayed, and dismissed the complainant's bill. The case is now before us on her appeal.

As the case stands upon this record, we can see no reason why the complainant is not entitled to the relief she asks. The record contains no intimation from the circuit judge that the testimony is unworthy of belief, and certainly the facts testified to present a case of gross outrage and cruelty.

The testimony shows that, during the year the parties lived together, the defendant, being of sufficient ability, neglected to furnish his wife with any means of support, except $2.50; and that for ten months of the year he was in the habit of cursing and swearing at her, and using vile and indecent names, in the presence of her children, to one of whom he gave a flogging, and frequently threatened to drive her children away from home, and finally told the complainant he would live with her no longer, and drove her from the house.

We think the failure to support and the cruel treatment shown in this case come clearly within the statute, and entitle the complainant to the relief she asks.[1]

The decree at the circuit will therefore be set aside, and a new decree entered in this Court in accordance with the prayer of the bill, with costs of both courts.

The other Justices concurred.

[1] See *Minde v. Minde*, 32 N. W. Rep. 868, where the proof was held insufficient.