ELLEN THOMPSON *vs.* HENRY THOMPSON.

Knox.     Opinion March 10, 1887.

*Divorce.   Declarations of agent.   Practice.   Cross-examination.   Medicine. Support.   New trial.*

The declarations of an agent of a husband, when persuading a wife to return, may be admissible at the hearing upon the wife's libel for divorce, upon the question of condonation, as showing the inducements held out, and the conditions upon which she returned.

Cross-examination of libellee, upon acts of cruelty not set out in the libel, is within the discretion of the presiding justice.

Medicine, when needed, is a part of a proper support, and evidence of failure to supply needed medicine is admissible under an allegation of not providing proper support.

A motion for a new trial in a divorce case, heard by a single justice, cannot be granted. The law court cannot revise the decision of the presiding justice on the facts — nor upon the law, otherwise than on exceptions.

ON exceptions and motion for new trial.

Libel for divorce. The opinion states the points and material facts.

*J. E. Moore,* for the plaintiff, cited: *Ford* v. *Ford,* 104 Mass. 198; *Mayhew* v. *Sullivan M. Co.* 76 Maine, 100; *Com.* v. *Bean,* 137 Mass. 570; *Oakland Ice Co.* v. *Maxcy,* 74 Maine, 294; *Tarr* v. *Smith,* 68 Maine, 97; *Harriman* v. *Sanger,* 67 Maine, 442; *Millett* v. *Marston,* 62 Maine, 477; 2 Whar. Ev. § 1173; Story, Agency, § 451; *Robbins* v. *Robbins,* 100 Mass. 150; *Gardner* v. *Gardner,* 2 Gray, 434; Abbott's Trial Ev. 747; *Fairfield* v. *Oldtown,* 73 Maine, 573; *Haskell* v.

*Hervey*, 74 Maine, 192 ; *Maglathlin* v. *Maglathlin*, 138 Mass. 299 ; *Sparhawk* v. *Sparhawk*, 120 Mass. 390 ; *Edmundson* v. *Bric*, 136 Mass. 189 ; Mason's Mass. Pr. 429.

*C. E. Littlefield*, for the defendant.

We believe that the declaration of the agent, " I know that he has illtreated you," etc., comes within the rule established by the following authorities and is clearly inadmissible : By *Hyland* v. *Sherman*, 2 E. D. Smith, (N. Y.) 234, where the court held that an agent to receive money only, has no authority to make any declaration in relation thereto which could affect his principal, and *Bynurn* v. *Southern Pump, &c. Co.* 63 Ala. 462, where the court held in an action of detinue to recover a mule, that the defendant could not introduce as evidence admissions or declarations of a party who was the plaintiff's agent merely, to demand and get the mule, in disparagement of the plaintiff's rights to the mule.

All of the evidence excepted to was prejudicial to the defendant and he is entitled to the benefit of his exceptions in their full weight, as though the case had been tried to the jury. *Slade* v. *Slade*, 58 Maine, 157.

The evidence as to a pretended refusal by Mr. Thompson to procure medicine and exercise proper care toward the libellant when she was suffering from the effect of a fall, as given by the libellant and the witness, Marshall, is inadmissible, as there was no allegation in either the libel or bill of particulars, under which such evidence could be introduced. No allegation contains any hint that the libellee would need to be prepared to meet such a charge. *Ford* v. *Ford*, 104 Mass. 198.

This court has distinctly held that when a statute has received a judicial construction of the court in the state where it was in force, and the same statute has been enacted in this state with the same provision which has been the subject of judicial discussion and decision, the legislature are understood to have adopted the construction given. *Myrick* v. *Hasey*, 27 Maine, 17 ; *Gregory* v. *Gregory*, 76 Maine, 535.

This is precisely in point, and we must look to the Massachusetts decisions for the construction or definition of " extreme

cruelty" and "cruel and abusive treatment." This is the rule, "a reasonable construction of the statute requires that it shall appear to be at least such cruelty as shall cause injury to life, limb or health, or create danger of such injury, or a reasonable apprehension of such danger, upon the parties continuing to live together. This is broad enough to include mere words if they create a reasonable apprehension of personal violence, or tend to wound the feelings to such a degree as to affect the health of the party or create a reasonable apprehension that it may be affected." *Bailey* v. *Bailey*, 97 Mass. 380.

DANFORTH, J. This is a libel for divorce and comes before the court upon exceptions and a motion.

1. The first exception is to the declarations of one Pinkham, claimed to be admissible as an agent of the defendant. What particular declarations were objected to does not appear from the exceptions, but the objection covers all. Therefore, by a well known rule of practice, if any of them were admissible, the exception must be overruled. We learn from the testimony reported, which is made a part of the exceptions, that the libellant had left her husband on account of alleged cruelty, the result of personal violence, and that the declarations in question were made by Pinkham to her during a negotiation between them to induce her to return to her husband. In this negotiation he assumed to act for and in behalf of the husband, and there is evidence in the case tending to prove such authority.

It further appears that an important question involved in the issue was whether the previous alleged violence had been condoned by her return. Hence the circumstances under which she returned and the inducements held out to secure that return, were material upon this question of condonation, and upon this question such declarations as were a part of the act were admissible, though not for the purpose of proving the previous acts of the defendant. The particular declaration objected to in the argument, standing by itself, was of no use whatever, and would undoubtedly have been excluded. But it was a part of a transaction which was material and could not easily be separated

from it, nor was the presiding justice asked to do so. The motion made was to strike out all the declarations.

The agency of Pinkham was both asserted and denied, and there was evidence on both sides. It was a question of fact for the court to decide, and what that decision was nowhere appears. It may, therefore, be that the decision was such that the testimony was rejected and no use made of it. So that in any event, the libellee fails to show that he was aggrieved by the doings of the presiding justice in this respect.

2. The libellee was examined on cross-examination as to certain acts of alleged cruelty, not found in the libel or bill of particulars. These acts could not be proved as an independent cause of divorce. The divorce, if granted, must be for some cause alleged in the libel. Other acts can only be considered so far as they tend to prove such as are alleged. But this comes from a cross-examination of the defendant for the purpose of showing his disposition and feeling, and thus testing his credibility as a witness. Its limits, therefore, even in matters collateral, are within the discretion of the court and not subject to exception. *Ford* v. *Ford*, 104 Mass. 138. But the evidence here objected to would be admissible as tending to prove the cruelty charged as the foundation for the divorce, even if drawn out in the direct examination. It would render such a charge more probable and gives force to such other testimony as may bear upon the cause alleged. This practice is allowable even in criminal cases. *State* v. *Plunkett*, 64 Maine, 534; *State* v. *Neagle*, 65 Maine, 468.

In this libel, there are three causes of divorce, and three only, set out, such as the law now recognizes as such, viz: Extreme cruelty, cruel and abusive treatment, and being of sufficient ability, a gross, wanton and cruel refusal to provide for the wife. Whether these causes are sufficiently set out is not a question raised by any pleadings in this case. After these allegations under another complaint, the libel sets out a series of acts which may or may not be cruel, according to the circumstances connected with them, and the bill of particulars is of a

similar character.   It is not clear whether these acts were set
out as distinct causes of divorce, or as the foundation for the
three charges.   If the latter, it would be necessary to prove a
sufficient number of them, connected with such circumstances as
would sustain one or more of the three charges alleged.   If the
former, it would certainly be very doubtful if they are sufficiently
set out to authorize a decree of divorce.   But in either case we
cannot consider these specifications as details of the evidence to
be relied upon and to which the party is to be confined in her
proof.   To sustain her libel, she must prove at least one of the
sufficient causes of divorce therein alleged.   This she may do by
any competent evidence she may have.

3.   The plaintiff under objection was allowed to prove a refusal
on the part of the libellee, without cause, to furnish medicine
when needed.   The suggestions under the last head will apply
to this.   But in addition to that, this clearly comes within the
specification both in the libel and bill of particulars.   The sup-
plying of proper and needful medicine is as much required for
a proper support and comfortable home, as any other article of
maintenance.

4.   The plaintiff was allowed to prove the improbability that
the parties would ever again live together, under objection.
The exceptions do not show what this testimony was.   All we
can find in the report of the evidence comes from the cross-
examination of the defendant, and is in substance an opinion
expressed by him that it would be of little use for them to try to
live together again.   This, too, was a matter of cross-examination
and within the discretion of the court.   It may have been of
some use as expressing the present state of the defendant's
feeling, or it may have turned out, like the most of testimony
elicited upon cross-examination, of no use whatever, or harmful
to the party calling it out.   It could only be used as bearing
upon the past, or in some way throwing light upon testimony
the witness had previously given.   The casual remark made by
the judge that it might influence his decision, might be true in a
proper sense, as it might very properly have some influence in
interpreting the other testimony.   As the law allows no dis-

cretion outside of a judicial judgment in granting divorces, the court could not legally consider the evidence as bearing upon the future. There is not the slightest evidence that it did so, and we cannot infer that an error was committed. Besides, the remark was not a ruling and is not subject to exception.

There is also a motion for a new trial for various causes set out, both of fact and of law. This is somewhat of a novel proceeding in divorce, or any other cases tried by a single judge. It has usually been considered in such cases that the findings in matters of fact are conclusive, and that errors of law must be presented by exceptions. Our attention has not been called to any case in which such a motion has been entertained. In Starbird v. Henderson, 64 Maine, 570, the court refused to entertain such a motion, holding that "the evidence cannot properly be reported for the revision of the law court as to the correctness of his decision upon the facts. His adjudication upon them is final." In Haskell v. Hervey, 74 Maine, on page 195, the same doctrine is announced. In Sparhawk v. Sparhawk, 120 Mass. on page 392, GRAY, C. J., says: "But we are unwilling . . . to imply that in any case of divorce or alimony, a party has the right to have the evidence reported, or the decision of a single justice revised in matters of fact." In Edmundson v. Bric, 136 Mass. on page 191, is is said: "What was the real transaction . . . was a question of fact, to be determined by the judge, upon his view of the credibility of the witnesses, the consistency of their testimony as to the transaction with their subsequent dealings with the property, and all the evidence in the case; and we have no right to revise his finding." Sheffield v. Otis, 107 Mass. 282; Backus v. Chapman, 111 Mass. 386.

In matters of law the proper practice is to take the case up by exceptions, even though the objection is to the final ruling granting the divorce. In which case the presiding justice reports the facts as he finds them, or in some cases the testimony upon which he grounds his conclusion, and thus is distinctly presented the question whether, as a matter of law, he has committed an

.error. *Robbins* v. *Robbins*, 100 Mass. 150; *Maglathlin* v. *Maglathlin*, 138 Mass. 299.

In this case we have no report of the facts found by the judge, :and no report of the testimony upon which he relied; nor is .there any exception to his ruling in granting the divorce, or in .fixing the alimony. We have no means of ascertaining any .farther than the exceptions go, whether he has made any error .of law in his final adjudication. Nor can we from the report of .the evidence revise his findings to ascertain whether he has made .an error in fact. But from a somewhat careful examination of :the testimony, applying that to the law as interpreted in *Holyoke* .v. *Holyoke*, 78 Maine, 404, we perceive no error either in law .or fact in his conclusions.

*Exceptions and motion overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, .JJ., concurred.