[No. 1666, January 9, 1915.]

## TAYLOR v. TAYLOR.

### SYLLABUS BY THE COURT.

Under the provisions of section 22, c. 62, Laws 1901, mak-ing neglect on the part of the husband to support the wife according to his means, station in life, and ability, a ground for divorce, it appearing that the husband had the mental and physical ability to provide for such support, and failing so to do by reason of his neglect or indifference, which facts appear from the record in the case, the wife is entitled to a decree of divorce upon this ground, as set out in the statute.

P. 15

Appeal from District Court, Luna County; Colin Neblett, Judge.

Action by Ella Taylor against Oscar C. Taylor. From a judgment for plaintiff, defendant appeals. Affirmed.

JAS. S. FIELDER, of Deming, for appellant.

The complaint does not show that any ground of divorce exists. Sub-section 6 of Section 22 of Chapter 62 of the Laws of 1901, which provides that one of the grounds of divorce is "Neglect on the part of the husband to support the wife, according to his means, station in life, and ability," is the provision upon which appellee relies.

The neglect, to authorize a divorce, must be wilful and intentional. To construe the statute otherwise would be unreasonable and barbarous.

Washburn v. Washburn, 9 Cal. 475; Raycraft v. Raycraft, 42 Cal. 444; Carson v. Carson, 138 N. W. (Mich.) 1076, 43 L. R. A. (N. S.) 255.

Mere failure to support is not within the meaning of the statute.

Carson v. Carson, supra; Van Born v. Arantes, 116 La. 130; Barrett v. Barrett, (Tex) 131 S. W. 821; Freeman v. Freeman, 98 Mo. App. 509; Hammond .v. Hammond, 15 R. I. 40; Caswell v. Caswell, 66 Vt. 242; Stewart v. Stewart, 155 Mich. 421; Farnsworth v. Farnsworth, 58 Vt. 555; Forree v. Forree, 7 Ohio L. J. 302; Davis v. Davis, 37 N. H. 191.

ELY & WATSON, of Deming, for appellee.·

There is no controversy as to whether the words "wilful and intentional" should be interpolated in our statute. It is conceded that there has been a failure to support. The complaint alleges that although the defendant is a strong, healthy and able bodied man, by reason of his indolent, lazy and shiftless disposition and habits he has worked but a small portion of the time and has earned very little and while able to work, and when work could be had, was voluntarily and persistently idle. This is a distinct charge that defendant was wilfully and intentionally neglectful.

The authority of the cases cited by appellant have been impaired by later decisions.

Locke v. Locke, 94 Pac. (Cal.) 244; 14 Cyc. 624; 9 Am. & Eng. Enc. of Law, (2d Ed.) 782; Keeler v. Keeler, 24 Wis. 522; State v. Witham, 35 N. W. (Wis) 934; Harnett v. Harnett. 7 N. W. (Ia.) 394.

The act of the husband in leaving the entire support of his family to his wife, while he is able to work, and of neglecting all of his marital duties other than that of living with his wife, is sufficient ground for divorce. ·

Zeigler v. Zeigler, 1 Wkly. Law Bul. (Ohio) 163, 17 Amer. Dig. 430; Bell v. Bell, 96 Pac. 196.

### STATEMENT OF FACTS.

This is an action for divorce. By her complaint plaintiff charged that defendant, in violation of section 22, c. 62, S. L. 1901, had neglected to support his wife, the plaintiff. according to his means, his station in life, and

ability, although he is a strong, healthy, and able-bodied man and well able to work and earn good wages, and well able, if he were so disposed, to furnish the plaintiff and the two children of the marriage a good home and with the ordinary and usual necessities and comforts of life, notwithstanding which, the defendant had failed and neglected so to do for a period of years, and that, by reason of his lazy and shiftless disposition and habits, he had worked but a small portion of the time and had earned very little; the said plaintiff being compelled to assume in a large part the support of herself and her two children, while the defendant, though able to work, and when work could be had, was voluntarily and persistently idle. Defendant, appellant here, appeared and answered the said complaint. Issue being joined in the said cause, and upon the hearing, the district court made findings of fact and conclusions of law, and on the 10th day of December, 1913, entered a final decree in said cause, wherein it was adjudged that a divorce from the bonds of matrimony be granted, in accordance with the prayer of plaintiff, and that charge, custody, and control of the minor children be granted to said plaintiff, and that defendant and appellant be required to pay to plaintiff for the support and maintenance of the said minor children the sum of $15 per month, and an additional sum of $75 as an attorney's fee, together with the costs of the suit. From which final decree the appellant prayed for and was granted an appeal.

## OPINION OF THE COURT.

HANNA, J. (after stating the facts as above)—Appellant contends that the questions before us for determination are: First, did appellant neglect to support appellee, his wife, according to his means, ability, and station in life? Second, if appellant did neglect to support his wife according to his means, ability, and station in life, was that neglect intentional on the part of appellant? Third, does unintentional neglect to support a wife entitle her under the laws of New Mexico to divorce?

We believe the first question is fully disposed of by the

findings of the court, numbered 7 and 8, there being, in our opinion, after a very careful consideration of the record, very substantial evidence to support the findings. In these findings the court said:

> "(7) While some testimony was offered in behalf of the defendant tending to show that he is not strong physically, and unable to perform hard labor, the testimony offered by the plaintiff showed numerous occasions when the defendant refused to work when he was able to work; that he refused to work when it was offered to him; that he left work that he might have continued; and that he did not make earnest or consistent efforts to find work when he was out of employment.
>
> "(8) I find that the privations which this family has suffered are due, in large degree, to the indolent and shiftless disposition and habits of the defendant, and to his averseness to work, and that, had the defendant been so disposed, he might have provided for his family the necessities of life."

It might be said that these findings further support the view that the neglect of the defendant was intentional, in that it appears that the privations suffered by his family were due in a large degree to his shiftless disposition and his averseness to work, and had he been so disposed he might have provided his family with the necessities of life. This being true, there would be no reason to inquire as to whether unintentional neglect to support a wife entitled her, under our laws, to a divorce; that element of the case not being present.

We are not aware of the fact that it has been quite generally held by the authorities in this country that a mere failure to support is not of itself a substantive ground for divorce. Some jurisdictions have held that failure to support may, in connection with other circumstances, constitute cruelty, while other states, including New Mexico, have made the husband's failure to support the wife an independent ground for divorce, unless per-

haps she has forfeited her right to maintenance by her own misconduct.

The sixth ground for divorce, under section 22, c. 62, Laws of 1901, reads as follows:

> "(6)   Neglect on the part of the husband to
> support the wife, according to his means, station
> in life, and ability."

It is contended by appellant, and is not·disputed by appellee, that such means as appellant had, during the years in question, or such sums as he earned, he devoted to the support of his familiy. There is no controversy as to whether or not the support provided, such as it was, was in accordance with the station in life of the defendant. But there is serious controversy as to whether or not the failure to support was the result of a lack of ability, or in violation of his ability so to do. Appellant claims that, so far as he has failed to support the appellee and the minor children born of the marriage, this has been due to his lack of physical ability, in that he has not been a strong man, and that he has worked hard and to the extent of his physical capacity, which has been curtailed at times by reason of his ill health and physical weakness; that his failures have not been due to intentional neglect on his part; and that he has worked to the full extent of his physical capacity. As pointed out, however, this contention is contrary to the findings of the trial court, and is, in our opinion, contrary to the evidence as disclosed by the record. We do not desire to discuss the evidence at large, but will refer to some portions of the evidence tending to contradict this contention of the appellant.

A Mr. Whitehill offered him work fixing fences and plowing, but he declined for the reason that he was going to cut hay, and for two or three weeks he worked an hour a day, getting rake and mowing machine ready, during which time he might have been earning wages. He left his work with a Mr. Young on account of sickness, but after recovery, in a few days, made no effort to resume work. While he was idle several persons offered him work. One man offered two weeks' work at $1.50 a

day and-board, but he would not work for less than $1.75. Another offered him carpenter work, but he refused, saying that he was looking for something better. A Mr. Gorman offered him work at $1.50 a day and board, telling him, however, that if he took the job he would have to work. Appellant said he wanted to rest and get ready for haying. He refused a well-drilling job at $2 a day and board, saying that the job was too hard for $2 a day. When urged by his wife to look for work, he replied that the town owed him a living, and if people wanted him they knew where to find him.

These instances, we believe, conclusively support the findings of the trial court, which we would therefore not feel disposed to disturb.

We agree with appellant, were it shown that he was unable by reason of physical incapacity to perform his duty of providing for the support of his wife and children, he could not be held responsible for his failure so to do. This was held in the case of Baker v. Baker, 82 Ind. 146. But we are clearly of the opinion that, under the provisions of section 22, c. 62, Laws 1901, making neglect on the part of the husband to support the wife according to his means, station in life, and ability, a ground for divorce, and it appearing that the husband had the mental and physical ability to provide for such support, and failing so to do by reason of his neglect or indifference, which facts appear from the record in the case, the wife is entitled to a decree of divorce upon this ground, as set forth in the statute.

Our attention has not been directed to any cases similar to the one under consideration but we find the following authorities supporting our view of the law, as thus stated, to a very large degree: Whitacre v. Whitacre, 64 Mich. 232, 31 N. W. 327; Weishaupt v. Weishaupt, 27 Wis. 621; Thompson v. Thompson, 79 Me. 286, 9 Atl. 888.

This leaves perhaps but one element of controversy remaining in the case, at least from the standpoint of appellant, namely, that the failure to support was not intentional. Our answer to this contention is that the evi-

dence and the findings of the court support the conclu-
sion that the appellant had the ability to support his
family, by which is meant that he was physically able so
to do, and mentally qualified so to do. And it likewise
appears from the evidence and findings that he had the
opportunity so to do, and neglected to avail himself of
his opportunities. For which reasons we do not believe
it can be contended that his failure to support was unin-
tentional, although we would be justified in assuming
that the state of facts here presented would justify the
conclusion that the failure was, as a matter of fact, an
intentional one on the part of the appellant.

For the reasons stated, the judgment of the trial court
is affirmed, and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.