SHELHART v. SHELHART.

DIVORCE—NONSUPPORT.

Where a husband, during the three years of married life, neglected to contribute anything to the support of the wife, although during the last two years he had sufficient ability to at least contribute to her support, the wife was entitled to a decree of absolute divorce under the provisions of 3 Comp. Laws, §§ 8622, 8623 (3 Comp. Laws 1915, §§ 11398, 11399).[1]

---

[1] On the question of failure to support as grounds for divorce, see notes in 29 L. R. A. (N. S.) 618; 43 L. R. A. (N. S.) 261.

On failure to furnish support as ground of divorce or separation, see note in 43 L. R. A. (N. S.) 255; particularly failure to support as cruelty, see p. 260 of same note.

Appeal from Berrien; Bridgman, J. Submitted January 2, 1917.   (Docket No. 10.)   Decided March 29, 1917.

Bill by Cora A. Shelhart against Joshua U. Shelhart for a divorce.   From a decree dismissing the bill, plaintiff appeals.   Reversed.

*Gore & Harvey,* for appellant.

STONE, J.   The bill of complaint in this case charges nonsupport and prays for absolute divorce.

There was service by advertisement pursuant to the provisions of the judicature act.   The defendant did not appear.   An order *pro confesso* was seasonably entered, and the testimony on the part of the plaintiff was taken in open court.   After hearing the testimony of the plaintiff and her witnesses, the trial court dismissed the bill of complaint, and a final decree to that effect was entered.   The plaintiff has appealed.

The bill was filed under the provisions of sections 8622 and 8623, 3 Comp. Laws (3 Comp. Laws 1915, §§ 11398, 11399).   Section 8622 provides, among other causes, that a divorce from bed and board forever, or for a limited time, may be decreed on the complaint of the wife when the husband, being of sufficient ability to provide a suitable maintenance for her, shall grossly or wantonly and cruelly refuse or neglect so to do.   Section 8623 provides that a decree from the bonds of matrimony may be decreed for either of the causes mentioned in the preceding section whenever, in the opinion of the court, the circumstances of the case shall be such that it will be discreet and proper so to do.

The parties were married at St. Joseph, Mich., April 20, 1913.   The defendant after the marriage was ill

and unable to work for about one year. During that time the plaintiff supported him by her labor as a dressmaker. The defendant regained his health under his wife's care, but did no work, and never contributed a dollar to her support, although able so to do. Finally, in 1915, and about a year before the filing of the bill of complaint, defendant abandoned the plaintiff and went to Indiana, where he engaged in business as a barber, having a shop of his own. There was testimony that he said he had a nice business. He never sent any money to the plaintiff, and it is undisputed that he has never contributed anything to her support during their married life.

The record shows a total failure and neglect on the part of the defendant during three years of married life to contribute one cent to the support of the wife. It appears that during two years of that time he had "sufficient ability" to at least contribute to her support. She has no means of support except such as she earns for herself. If a divorce on the ground of gross nonsupport may be granted at all, we think the plaintiff made a case entitling her to relief. In our opinion, the following cases support this conclusion: *Brown* v. *Brown,* 22 Mich. 242; *Dashback* v. *Dashback,* 62 Mich. 322 (28 N. W. 812); *Whitacre* v. *Whitacre,* 64 Mich. 232 (31 N. W. 327); *Cary* v. *Cary,* 106 Mich. 646 (64 N. W. 510); *Gellatly* v. *Gellatly,* 185 Mich. 382 (151 N. W. 1037).

In *Brown* v. *Brown, supra,* Justice COOLEY, speaking for the court, said:

"In suing for divorce on that ground [non-support] it was not necessary to aver any cruel treatment, except what was involved in the gross, wanton, and cruel neglect and refusal of the defendant to support his wife, he being of sufficient ability."

In *Gellatly* v. *Gellatly, supra,* Chief Justice BROOKE said:

"The record clearly establishes the following undisputed facts:

"(1) The husband is of good health and sufficient ability to earn a living for the wife.

"(2) The wife is without means of support, except such as she earns for herself as a telephone operator.

"Under this evidence we think it clear that the defendant's refusal to support is gross, wanton, and cruel within the meaning of the statute."

The evidence in the instant case shows that the neglect to support was gross, that defendant was of sufficient ability, and that is all that the statute requires to entitle the wife to relief.

The decree of the court below is reversed, and a decree will be entered here in accordance with the prayer of plaintiff's bill of complaint.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.