COMMONWEALTH *vs.* WILLIAM VOSBURG.

A prisoner, while under arrest at a police station on a charge of larceny, and while conversing with a police officer on the subject of his connection with the offence, received a telegraphic dispatch, which, after having himself read, he handed to the officer to read aloud; this the officer did, when, after a slight hesitation, the prisoner denied all knowledge of the dispatch or of its writer. At his trial the dispatch was admitted in evidence, the jury being instructed that it was to be used for the single purpose of enabling the jury to understand the conversation, of which it was a part. *Held,* that it was admissible for that purpose.

INDICTMENT for larceny. At the trial in the Superior Court, before *Rockwell,* J., the evidence tended to show that one Bede, a dealer in diamonds, was travelling on the cars from New York to Boston; that the defendant was travelling in the same car; that there were other passengers in the car; that Bede arrived at Springfield about midnight, went out of the car leaving upon his seat a travelling-bag, was absent about ten minutes and returned; that the bag was then missing; that he notified the city police; that about a half hour after this the defendant entered the Massasoit House and recorded the name of W. Clark upon the register, was assigned a room and retired to bed; that the bag was soon after found in a lumber yard, cut open and rifled of its contents; that circumstances excited suspicion that the defendant was the thief; that the next morning he was arrested and searched before leaving his chamber; that none of the stolen articles were found in his possession; that he was taken by the officers to the police station; that while there the marshal had a conversation with him as to his connection with the larceny; that, among other things, he said his intention when he left New York was to stop at Hartford and visit a sister, but that he fell asleep and went by Hartford unintentionally, and then.decided he would go to Albany the next morning to visit an uncle, whose

name at one time he gave as Abram Clark and at another as Abram Vosburg; that while he was conversing with the marshal a telegraphic dispatch was brought to him by a clerk of the Massasoit House, directed to W. Clark; that he opened it and carefully read it; that he then handed it to the marshal, and asked him to read it aloud, which the marshal did; that the defendant hesitated about half a minute, and then denied all knowledge of the telegram or of the writer; that he said it was "all Greek to him."

The district attorney then offered the telegram as evidence, to which the defendant objected. The presiding judge admitted the testimony for the mere purpose of enabling the jury to understand the conversation, and stated to the jury that it would be used for no other purpose. The telegram was as follows: "Hartford, 31st, 1871. To W. Clark, Massasoit House. Went home. Could not stop. Gus."

The district attorney in opening his case stated that the evidence would make it appear probable that the defendant had an accomplice in the theft. In his closing argument he commented upon the telegram as showing that the defendant had made a false statement when he said that he had intended to stop at Hartford, and that he intended to go to Albany; that there evidently was some one in Hartford who knew that he was to be in Springfield that morning, and that he was stopping at the Massasoit House.

Upon the subject of the telegram the judge instructed the jury as follows:

"During the examination of the city marshal, who was testifying to the conversation between himself and the defendant, at his office, a paper was presented to the witness and recognized by him as a paper then received, and concerning which a part of the conversation was had. This paper purported to be a copy of a telegraphic dispatch received at the Springfield office, and directed to W. Clark. The introduction of this paper in evidence was objected to, and its introduction was allowed merely for the purpose of showing the subject of that part of the conversation and enabling the jury to understand it, and for no other purpose.

This was stated by the court at the time of its admission, and is now repeated. If there is any intelligible statement of fact in that paper, it is not to be used as evidence tending to favor that fact, nor as evidence that it was intended for the defendant. It is only to be considered by the jury as an explanation of the defendant's statement concerning it, as testified to by the marshal. The telegram is to go to the jury with the other papers in the case."

The jury returned a verdict of guilty, and the defendant excepted.

*A. L. Soule & E. H. Lathrop,* for the defendant. The evidence admitted was irrelevant to the issue. The question was, " Did the defendant commit the larceny ? " The telegram contained no allusion to him, to the transaction, or to the property. The only competent evidence concerning the telegram was the *fact* of its existence and presence. To prove that, or to illustrate the conversation, it was not necessary to submit the telegram or its contents to the jury. *Wright* v. *Tatham,* 5 Cl. & Fin. 670. *Lund* v. *Tyngsborough,* 9 Cush. 36. The opening by the district attorney to the jury, stating " that the evidence would make it appear probable that the defendant had an accomplice in the theft," followed by the offer and admission of the telegram as evidence, and by the final argument of the district attorney in support of the foregoing suggestion made in his opening, notwithstanding the qualification by the court, must have prejudiced the jury in favor of the theory of the Commonwealth.

*C. R. Train,* Attorney General, for the Commonwealth.

BY THE COURT. The telegram was read aloud at the defendant's request in the course of the conversation between him and the witness. It was rightly admitted to enable the jury to understand the conversation of which it is part, and was carefully limited, both in the original ruling and in the final instructions of the court, to that purpose.     *Exceptions overruled.*