ANN J. GRANT *vs.* WILLIAM H. LIBBY.

Kennebec.    Opinion November 17, 1880.

*Evidence.    Exceptions.    Practice.    Cross-examination.    Collateral inquiries.*

In a suit against a sheriff who justifies under process against the plaintiff's vendor, proof of the insolvency of the plaintiff's agent, who was also her husband, and of former and distinct transactions between him and the vendor, of which plaintiff had knowledge and which were fraudulent against creditors, is not admissible to show fraud on the part of the plaintiff in the transaction which is the subject of investigation.

While the proof of fraud will necessarily, in general, consist of circumstantial evidence, and he, on whom the burden of proof rests, should be allowed to show all the circumstances connected with the case, from which a fair inference may be drawn, he cannot be permitted to consume time and raise collateral issues respecting independent transactions in former years. No one can be expected to come prepared to defend or explain all the transactions of his own life — still less those of others within his knowledge in which he was not concerned, and over which he had no control. No safe or legitimate influence can be drawn from such matters though they might tend to prejudice and confuse a jury.

Neither can exceptions be sustained for the exclusion of testimony on cross-examination unless they set forth enough of the previous testimony to show that the exclusion was erroneous.

As to all collateral inquiries, the determination of the presiding judge in the exercise of his discretion to exclude them is final.

No complaint is now made of the instructions to the jury. The requested instruction was rightly refused; for if there was any testimony upon which it could be based, it called for an instruction as matter of law when the question was rather one of fact for the jury.

ON EXCEPTIONS from superior court, Kennebec county.

TROVER against the defendant, sheriff of the county of Kennebec, for the alleged wrongful act of his deputy in attaching and selling, on mesne process, a small stock of goods in Pittston. Plea, general issue.

The plaintiff claimed title under a bill of sale from one Overlock, who, a short time prior to the attachment, made a transfer to her. Prior to the sale, Overlock had occupied the store in which the goods were when attached, and retailed therefrom.

It was admitted by plaintiff and Overlock, that at the time of the transfer, both Mrs. Grant and Overlock were confined in

their houses by sickness, and that William Grant, plaintiff's husband, transacted all the business relating to the transfer for plaintiff.

It was in evidence that Overlock was at the time of the sale, hopelessly insolvent.

Other material facts appear in the opinion.

*Orville D. Baker*, for the plaintiff, cited : Stephen Ev. 3d. ed. art. 95, n. 5 : *State* v. *Lawrence*, 57 Maine, 582 ; *Ballou* v. *Prescott*, 64 Maine, 305 ; *Stewart* v. *Thomas*, 15 Gray, 171 ; *Elliott* v. *Stoddard*, 98 Mass. 145 ; 1 Greenl. Ev. § 74, n. 1 ; *Central Bridge Corp.* v. *Butler*, 2 Gray, 130 ; *Blanchard* v. *Young*, 11 Cush. 345 ; *Spaulding* v. *Hood*, 8 Cush. 605 ; *French* v. *Holmes*, 67 Maine, 186 ; *Blodgett* v. *Chaplin*, 48 Maine, 322 ; *Webster* v. *Folsom*, 58 Maine, 232 ; *Laughton* v. *Harden*, 68 Maine, 210.

*H. G. White* and *J. H. Potter*, for the defendant.

Under the rule laid down by WHITMAN, C. J., in *Ingersoll* v. *Barker*, 21 Maine, 474, we claim we have a right to show all the circumstances connected with the case ; and fraudulent transaction of business of a similar character between the parties involved, although that transaction took place previous to the one which is the subject of litigation ; and especially when these transactions have been often repeated ; and we submit that the previous fraudulent transfer from Grant to Overlock, and from Overlock to Grant, providing the plaintiff had knowledge of these transactions, were clearly admissible.

Embarrassment, says Bump, (Bump Fraud Con. p. 36,) and heavy indebtedness, are badges of fraud, as furnishing a strong motive to make a fraudulent transfer. And if the indebtedness was known to the vendee, it is evidence of his participation in the fraud. *Glenn* v. *Glenn*, 17 Iowa, 498.

And in accordance with the above rule and decision, the questions propounded to the plaintiff were clearly admissible.

Although fraud is not to be presumed, yet it can and generally must be proved by circumstantial evidence, and it may be established by inference like other facts. *Blodgett* v. *Chaplin*, 48 Maine, 322.

BARROWS, J. To sustain exceptions to the admission or exclusion of testimony, there must be enough of the context and of the history of the case to enable the full court to determine that, in the position presented, when the testimony was offered, the ruling was wrong—not merely that it might be wrong if the testimony were offered with some supposable accompanying evidence, or under some possible phase of the case which may or may not have existed.

"They are not to prevail merely because they do not show that it was rightly admitted or excluded." *Parmenter* v. *Coburn*, 6 Gray, 510, and cases there cited. That the exception here urged, must fail for this, if there were no other reason, is obvious. It could not be supposed that the insolvency of the plaintiff's husband and agent could have any possible connection near or remote with the question, whether the plaintiff purchased these goods in fraud of Overlock's creditors, until we come to the wholesale offer by defendant's counsel to prove, if permitted to pursue his cross examination of the plaintiff, "that whenever Grant has failed, he has got Overlock to cover his property, and when Overlock has failed, if Grant was in position, he would get Grant to cover it, but under the circumstances then existing, he got the wife to cover it, and that there had been a sort of interchange of transactions between these parties, to cover up property in order to effect an easy settlement with their creditors."

It would have been a perfect answer to the plaintiff's case, to show that *this* transaction was of the character spoken of, and the judge may well be excused for declining to go into the proposed collateral inquiries, upon the ground that if settled, they would add nothing to the defence. But, confining our remarks now to the first point, the exceptions state that "the plaintiff was asked on cross examination, about previous dealings within her knowledge of her husband and Overlock, and whether her husband failed two or three years ago." What her answers were or whether the ruling forbidding the defendant further to pursue this course of cross examination was predicated on them, does not appear. Previous answers may have demonstrated that it was futile for the defendant to "pursue this testimony." The ruling

may have been made to save a waste of time, or to prevent the reiteration of imputations which had no foundation in the proof. In any event the exceptions do not show that the ruling was wrong, and hence they cannot avail according to the cases above referred to. Much must be trusted to the discretion of the judge presiding at the trial, in the regulation of cross examinations, upon collateral topics; otherwise they would be well nigh endless. Seldom do they subserve a just and legitimate purpose; and parties forbidden to protract them, have ordinarily more cause for thankfulness, than complaint.

The limits of collateral cross examination, are to be determined by the presiding judge, and his determination is not subject to revision or exceptions. *State* v. *Benner*, 64 Maine, 288 ; *Com.* v. *Shaw*, 4 Cush. 593 ; *Morrissey* v. *Ingham*, 111 Mass. 66. But aside from simple technical considerations, the evidence which the defendant proposed to draw out (to say nothing of the fact that it concerned the doings, not of the plaintiff, but of her agent at times when he was not acting for her), seems to fall within the scope of the decisions of this court in the cases of *Flagg* v. *Willington*, 6 Maine, 386 ; and *Blake* v. *Howard*, 11 Maine, 203. See also remarks of JACKSON, J., in *Somes* v. *Skinner*, 16 Mass. 360, to the effect that "it is not competent to a party imputing fraud to another, to offer evidence to prove that the other has dealt fraudulently at other times and in transactions wholly disconnected with that which is on trial. This would tend to prejudice the minds of the jury by impeaching the general character of the party charged with the fraud, when he had no right to expect such an attack, and could not be prepared to defend himself, however unimpeachable his conduct might have been." The above cited cases are but practical applications in civil suits of the rule, which relieves a man charged with some particular offence, from being subjected to imputations which might often be fatal to him, without requiring him at his peril, to come prepared to defend or explain every action of his life. See *Rex* v. *Cole*, Per. Cur. Mich. Term, 1810, cited in 1 Phil. Evid. 137 ; *State* v. *Lapage*, 57 N. H. 245. It does not establish the quality of the beer sold by a brewer to a particular publican, to

show that he sold beer of the quality alleged to others about the same time. *Holcombe* v. *Hewson*, Camp. 391. Nothing short of proof, that it was of the same brewing, and put up in the same manner would suffice to make it relevant.

It is quite true that proof of fraud must ordinarily be made by circumstantial evidence, and that the party upon whom rests the burden of proof, should be allowed to show all the circumstances connected with the case from which a fair presumption may be deduced.

But we think no safe or legitimate inference can be drawn as to the character of this transaction between the plaintiff and Overlock, from the evidence offered by the defendant, and excluded by the court, (so far as its probable tenor can be guessed), while it would doubtless have tended to prejudice her case in the minds of the jury, and to raise collateral issues to confuse them. It was rightly rejected.

Defendant does not insist in argument upon the exceptions to the instructions to the jury. The refusal of the requested instruction, is justified by the absence of any testimony on which it could be based, and because it relates rather to a question of fact than one of law.

*Exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.