STATE *vs.* OLIVER C. ROLLINS.

Kennebec. Opinion June 4, 1885.

*Indictment. Intoxicating liquors. Cross-examination of witness. Practice. Instructing the jury.*

An indictment, which charges that the defendant, at Gardiner, during a time named, " unlawfully did keep a drinking house and tippling shop, against the peace of the state," &c. is sufficient.

The extent to which a cross-examination, relating to collateral matters, may be carried, is within the discretion of the presiding justice.

By whom a witness for the government, in a liquor case, was employed to act as a detective, is entirely irrelevant to the issue being tried.

It is not error for the presiding justice to recall the jury into court, after they had considered a case submitted to them for some time, and endeavor to impress upon them the importance of agreeing upon a verdict.

ON EXCEPTIONS from superior court.

Indictment for keeping a drinking house and tippling shop. The respondent seasonably before trial, moved for a bill of particulars. The motion was overruled.

At the trial the state introduced the following evidence : that on or about May 1, 1883, the respondent paid to the United States, the special tax required of retail liquor dealers, for the period extending from May 1, 1883, to April 30, 1884, and that the respondent during the time covered by the indictment, had been proprietor of the Evans House, at Gardiner, Maine, and had run the same during that period. One Edward P. Harrington testified, in substance, that he was a resident of Boston, Mass., and connected with the private detective agency of one T. F. McClaughlin of that city. That in February, 1884, he was employed to come to Gardiner, and by personal purchases to make himself a witness against liquor dealers in that city. That he boarded at the Evans House, and while there made some ten purchases of intoxicating liquors, whiskey, whiskey punch, rum, gin cocktails, &c. That he bought the same of the clerks of the respondent, and drank all the liquor so bought, on the premises of the respondent. That his compensation was five dollars a day and expenses. When asked by the respondent's counsel to give the name of the person who employed him, the presiding judge excluded the question.

After the jury had taken the case and had been in the jury room for two hours, or thereabouts, the court sent to them a message by the sheriff, inquiring if the jury desired further instructions. The sheriff reported that the jury were unable to agree whether they desired further instructions or not. Thereupon the presiding justice ordered the jury brought into court and further instructed them as follows :

" I simply called you in for the purpose of impressing upon your minds the importance of agreeing, and to give you some observations that I usually incorporate into the first charge,

which I omitted in this case, adopted from the Supreme Court of Massachusetts."

After giving the observations as to the importance of agreeing, the judge repeated a portion of his instructions when the case was first committed to the jury.

The jury again retired and soon returned with a verdict of guilty.

*W. T. Haines*, county attorney for the state, cited : Wharton, Crim. Law, (7th ed.) § § 291, 3156 ; *Com.* v. *Giles*, 1 Gray, 466 ; *Com.* v. *Wood*, 4 Gray, 11 ; *Gardner* v. *Gardner*, 2 Gray, 434 ; *Harrington* v. *Harrington*, 107 Mass. 329 ; *State* v. *Collins*, 48 Maine, 217 ; *State* v. *Casey*, 45 Maine, 435 ; *State* v. *McNally*, 34 Maine, 210 ; *State* v. *Soper*, 16 Maine, 293 ; *Nichols* v. *Munsel*, 115 Mass. 567 ; *Com.* v. *Snelling*, 15 Pick. 321 ; *Nelson* v. *Dodge*, 116 Mass. 367 ; 110 Mass. 70 ; *Kellogg* v. *French*, 15 Gray, 354 ; *Lathrop* v. *Sharon*, 12 Pick. 171 ; *Raymond* v. *Nye*, 5 Met. 151 ;

*Herbert M. Heath*, for the defendant. I am aware that in *State* v. *Collins*, 48 Maine, 217, this form of indictment, though in plain violation of every principle of logic, reason and pleading, has been held sufficient. If it is to stand it should be supplemented by the further decision that under it, respondents shall be entitled, as of right to a bill of particulars, on motion, 3 Wharton, Crim. Law, § 3156. True it has been held that the allowance of bills of particulars is within the discretion of the presiding justice, *Com.* v. *Wood*, 4 Gray, 11. "Yet whenever a bill of particulars is a substitute for special averments in an indictment, error should be entertained." Wharton, Crim. Law, § 3158.

Counsel contended that the question put to the detective witness, on cross-examination, calling for the name of his employer was admissible. The name of the person might have been material in many ways. We might have shown that he entertained malice towards the defendant, that he had entered into a conspiracy to convict whether guilty or innocent.

By R. S., c. 82, § 86, the presiding justice may, in his discretion, recharge the jury when they return into court and

announce that they cannot agree. But there was no such announcement here.

Counsel further cited: *Com.* v. *Downing*, 4 Gray, 29 ; *Speres* v. *Parker*, 1 D. & E. 141; *Smith* v. *Moore*, 6 Greenl. 278; *State* v. *Gove*, 34 N. H. 510; *Howe* v. *Com.* 5 Grat. 664; *State* v. *Foster*, 3 McCord, 442 ; *Morse* v. *State*, 6 Conn. 9 ; Chitty, Crim. Law, 281, 283 and cases; *State* v. *Cotton*, 4 Foster, 143 ; 5 B. Monroe, 263.

WALTON, J. We think the exceptions in this case must be overruled.

The indictment is sufficient. *State* v. *Collins*, 48 Maine, 217 ; *State* v. *Casey*, 45 Maine, 435.

The exclusion of the question put to the government witness (Harrington) on cross-examination was not erroneous. The extent to which a cross-examination relating to collateral matters may be carried is within the discretion of the presiding judge. By whom the witness was employed to act as a detective was entirely irrelevant to the issue being tried ; and upon principles of public policy as well as in the exercise of the discretionary powers of a presiding judge, such a question may properly be excluded. The employment of detectives is not in all cases discreditable. In many cases it is the only way of bringing the offenders to justice. It is as important that laws should be enforced as it is that they should be enacted. If it is commendable in the legislature to enact laws prohibiting the sale of intoxicating liquors, or of diseased meat, or other unwholsome food, it is equally commendable on the part of the community to endeavor to enforce them ; and persons who are willing to spend their time or money in efforts to enforce such laws, should not be unnecessarily exposed to the ill-will of the persons whose crimes are thereby detected. We think the presiding judge committed no error in excluding the proposed question.

Nor was there any error on the part of the judge in calling the jury into court and endeavoring to impress upon them the importance of an agreement. Nor do we discover anything in

the remarks made by the judge to the jury which we can say as matter of law it was illegal for him to say. A judge's style and manner are his own. We have no more right to dictate to the judge of the superior court what the style or manner of his address to a jury shall be than he has to dictate to us what ours shall be. It is enough for us to say that we find nothing illegal in the course pursued by the presiding judge in this case.

*Exceptions overruled.*

Peters, C. J., Walton, Danforth, Emery and Foster, JJ., concurred.