## J. B. PITCHER *vs.* WALLACE E. WEBBER.

### Androscoggin.    Opinion November 5, 1908.

*Excluded Evidence.    Excepting Party Must Show that Exclusion was Prejudicial.*

1.  It is not enough for the excepting party to show that exclusive evidence was legally admissible.  He must show that its exclusion was prejudicial to him.

2.  When an issue of fact is determined in favor of the excepting party, the exclusion of evidence offered by him on that issue has not prejudiced him unless it appears that the excluded evidence tended to increase or diminish in his favor the results of the finding.

3.  In an action for the agreed price of property sold and delivered, it appeared that the jury found that material misrepresentations were made by the vendor in the sale and that the damages assessed were reduced by reason of such misrepresentations.  *Held:*  That evidence that such misrepresentations had been made to other parties than the defendant could not affect the question of damages and that its exclusion was not prejudicial.

On motion and exceptions by defendant.    Overruled.

Assumpsit on account annexed to recover the sum of $750 for an automobile alleged to have been sold and delivered by the plaintiff to the defendant.

Plea, the general issue together with a brief statement setting up, as a defense, breach of warranty, no delivery or acceptance, the statute of frauds and recission, the defendant also stating in his brief statement that he claimed to recoup certain sums laid out by him on the automobile, and also to recoup "whatever expense he may be put to in the defense of this action, including a reasonable amount for counsel fees and for cost of witnesses, and for such further and special damage as he may be able to prove on the trial hereof."

This case was first tried at the April term, 1907, Supreme Judicial Court, Androscoggin County, and the plaintiff recovered a verdict for $526.25.   On exceptions filed by the defendant, a new trial was ordered.   See *Pitcher* v. *Webber*, 103 Maine, 101.   The

case was again tried at the January term, 1908, of said court in said county. Verdict for plaintiff for $510. The defendant excepted to various rulings made by the presiding Justice during the trial and also filed a general motion for a new trial.

The case is stated in the opinion.

*McGillicuddy & Morey*, for plaintiff.

*George C. Webber*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, PEABODY, SPEAR, BIRD, JJ.

EMERY, C. J. This was an action to recover the agreed price of an automobile alleged to have been sold and delivered. The defendant denied acceptance, but we find in the evidence enough to warrant the verdict that there was an acceptance. The defendant further contended that the automobile was not as represented and that, if accepted, he effected a recission by seasonably tendering it back, which tender was refused. There was evidence, however, that the automobile was injured through the negligence of the defendant's servant after it came into his possession, which injuries were not repaired before the tender of re-delivery. This evidence warranted the jury in finding there was no effectual recission, since, to effect a recission of a sale, the article must be re-delivered or tendered back in as good condition as when received unless injured without the fault of the purchaser.

One other issue of fact in the case was whether the plaintiff's agent made certain material misrepresentations concerning the automobile to induce the plaintiff to purchase. Upon this issue there was evidence in favor of the defendant but he further offered in evidence the testimony of other persons to the effect that the plaintiff's agent had made similar representations to them about the automobile. This evidence was excluded and the defendant excepted.

The verdict, however, shows that the defendant was not prejudiced by the exclusion of the evidence offered and excluded. The agreed price was $750, or at least $725, in April 1906. Had there been no misrepresentations the verdict, if for the plaintiff at all, must have been for that sum and interest from the date of the

sale, April 1906 to the time of the verdict Jany. 1908, or more than $800. The verdict was for $510 only. To have cut the agreed price down to that sum the jury must have found that material misrepresentations were made, that is, must have found for the defendant upon the issue upon which he offered the excluded evidence.

Granting, arguendo, that the offered evidence would have tended to prove the affirmative of the issue, it is not made to appear that it would, or even might, have reduced the amount of the verdict still more. Whether it would or not is at the most merely conjectural. The verdict being in the defendant's favor upon the issue in question and it not being shown that the offered evidence would or even might have effected a result more favorable to the defendant, he clearly was not prejudiced by its exclusion, and is not entitled to a new trial on that account.

*Motion and exceptions overruled.*
*Judgment on the verdict.*