### STATE OF MAINE vs. VITAL OUELLETTE.

Androscoggin.    Opinion September 14, 1910.

*Intoxicating Liquors.    Nuisance.    Evidence.    Criminal Law.    Revised Statutes,
chapter 29, section 49.*

Where the State in a trial for maintaining a liquor nuisance relied on pay-
ment by the defendant of a federal license tax as prima facie evidence of
his guilt within Revised Statutes, chapter 29, section 49, *held* that it was
the right of the defendant to explain his action in paying the tax.

Where the State in a trial for maintaining a liquor nuisance relied on pay-
ment by the defendant of a federal license tax as prima facie evidence of
guilt within Revised Statutes, chapter 29, section 49, circulars received by
him from an internal revenue officer, containing lists of alcoholic medicinal
preparations for the sale of which a special tax is imposed, were admissible
to complete the incidents of the transaction, and as tending to furnish
cumulative evidence of the defendant's knowledge that the sale of certain
medicines, not unlawful to sell, required payment of the revenue tax, as
bearing on his intent.

The admission of such circulars being discretionary with the trial court, their
exclusion was not prejudicial error, where the medicines listed in the
circulars were those the defendant had in stock, and where the circulars
were at most slightly evidential of his motive in paying a federal tax.

On exceptions by defendant.    Overruled.

Indictment against the defendant Ouellette and one Archie
LeBlanc under Revised Statutes, chapter 22, section 1, for main-
taining a liquor nuisance.    On trial the defendant LeBlanc was
acquitted while the defendant Ouellette was found guilty.    During
the trial the defendant Ouellette excepted to certain rulings.

The case is stated in the opinion.

*Frank A. Morey*, County Attorney, for the State.

*W. H. Judkins*, for defendant.

SITTING:    EMERY, C. J., PEABODY, CORNISH, KING, BIRD, JJ.

PEABODY, J.    This cause was an indictment against the respond-
ent, Vital Ouellette, and one Archie LeBlanc, for maintaining a
common nuisance, defined by sec. 1, chap. 22, R. S.

The prohibited acts specified in the indictment were the keeping and maintaining a certain place used for the illegal sale and for the illegal keeping of intoxicating liquors, and where intoxicating liquors were sold for tippling purposes, and which place was a place of resort where intoxicating liquors were unlawfully kept, sold, given away, drank and dispensed.

On trial the respondent LeBlanc was acquitted, and the respondent Ouellette was found guilty by the jury. At the trial the attorney for the State introduced evidence proving that Ouellette had paid a special United States internal revenue tax as a retail liquor dealer, covering the time specified in the indictment, and this was also admitted by him in his testimony.

This respondent claimed in his testimony, as the reason why he took out the license, that he was compelled to do so by Mr. Turner, the internal revenue officer, who, in a conversation with him, after inquiry as to what goods he had on his shelves, said, "Mr. Ouellette, this business that you are connected with in the store, and what you got on the shelf, you have got to have a revenue tax. Well, I told him I didn't know whether I would take one or not. I says, 'Some one has told me if I take a revenue tax that the officer may bring me in court. I had about fifteen or twenty different kinds of goods on my shelf which I have got now which require me to take a license, or I will be in trouble.' That is the notice he give me. Then I says, 'I will see later on.'"

"Q. (By the Court) That is the reason why you took it?

A. Yes, sir. I didn't take it right away, your Honor. I waited and inquired, and he told me I had to, and I took it."

Circulars Nos. 713 and 727, marked Exhibits Deft. 1 and 2, were identified by Ouellette as papers received from Mr. Turner. These circulars were subsequently offered in evidence by counsel for the respondent, and, on objection by the attorney for the State, were excluded by the court. Inspection shows them to be lists of alcoholic medicinal preparations for the sale of which the special tax of liquor dealer is required under rulings of the Commissioner of Internal Revenue.

Payment of the tax was relied upon by the State, under the provisions of section 49, chapter 29, R. S., against the respondent as prima facie evidence of his guilt, and it was his right to explain his action. *State* v. *Morin*, 102 Maine, 290. He contends that what took place at the interview between him and the revenue officer, Mr. Turner, shows a reason for his paying the tax consistent with innocence, and that the circulars given him were themselves part of the acts of the officer and were erroneously excluded. We think they were technically relevant and admissible, not in a strict legal sense, as a part of the res gestae which made their admission in evidence compulsory, but admissible on two grounds; to complete the incidents of the transaction, and as tending to furnish cumulative evidence of the respondent's actual knowledge that the sale of certain medicines, not unlawful to sell, required payment of the revenue tax, as bearing on the question of the intent of his action. 1st. Green. on Ev. sec. 108; *Stewart* v. *Hanson*, 35 Maine, 506; *Com.* v. *Vosburg*, 112 Mass. 419; *Blodgett Paper Co.* v. *Farmer*, 41 N. H. 398; *O'Neal* v. *Wills Point Bank*, 67 Tex. 36. Their exclusion is not necessarily exceptionable; it depends upon the question of whether the respondent was thereby prejudiced.

The respondent admits that he had upon his shelves fifteen or twenty alcoholic medicinal preparations for sale, to which the revenue officer called his attention in the conversation quoted as requiring him to take a license, and at the same time gave him a notice, and to the question by the court, "That is the reason you took it?" he answered, "Yes, sir."

It is impossible to perceive how he could be prejudiced by the exclusion of the contents of the circulars. *French* v. *Stanley*, 21 Maine, 512; *Bryant* v. *K. & L. R. R. Co.*, 61 Maine, 300; *Lord* v. *Kennebunkport*, 61 Maine, 462. It does not affirmatively appear that he read them and consequently paid the tax. *Wright* v. *Tatham*, 5 Cl. & Fin. 670. But assuming that he had read them, they were merely names of medicines of similar character to those he had in stock, and at most slightly evidential of his motive in paying the United States special tax as a liquor seller. Their exclusion by

the Justice was discretionary, and his ruling was not erroneous. 8 Am. and Eng. Enc. 488; 1 Gr. on Ev., section 108; *Mueller* v. *Rebhan*, 94 Ill. 142; *Mears* v. *Cornwall*, 73 Mich. 78.

*Exceptions overruled.*