ANNIE ALLARD *vs.* LILLIE A. LA PLAIN.

Sagadahoc.   Opinion November 6, 1925.

*Evidence of the wealth or standing of a defendant in actions for alienation of affections is admissible on the question of exemplary damages, but evidence of the amount of taxes paid by defendant is not admissible on that question.*

*Such exceptions only as are included in the bill of exceptions can be considered by the court.   Likewise such facts only as are made a part of the bill of exceptions can be considered by the court.*

In the instant case the other exceptions on which defendant relies are grounded on alleged expression of opinion by the presiding Justice in his charge to the jury in violation of Sec. 102, Chap. 87, R. S., and it does not appear from the defendant's bill of exceptions that the presiding Justice exceeded his prerogatives or violated the statute referred to, at least, to the point of prejudicial error.

On exceptions by defendant.   An action to recover damages for the alienation of the affections of the husband of plaintiff by defendant.   The jury returned a verdict of $10,083.33 for the plaintiff. During the trial the defendant excepted to the exclusion of certain testimony offered by defendant, and also took several exceptions to the charge of the presiding Justice.   Exceptions overruled.

The case appears in the opinion.

*Ernest L. Goodspeed,* for plaintiff.

*Frank A. Morey,* for defendant.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, JJ.

WILSON, C. J.   An action based on the alleged alienation of affections of the husband of the plaintiff.

The case is before this court on exceptions to the exclusion of certain testimony offered by the defendant as to the amount of taxes paid by her on certain real estate, apparently for the purpose of showing her financial standing and also to certain exceptions to the charge of the presiding Justice.

The only ground on which the financial condition of the defendant was relevant was on the question of punitive damages.   Except in

cases where the injuries complained of are increased by the wealth and standing of the defendant, as in cases of injuries to the character or in actions for breach of promise, or malicious or wanton torts, compensatory damages are the same, whether caused by a prince or pauper; but upon the question of exemplary damages, the financial status of the defendant was relevant. *Johnson* v. *Smith*, 64 Maine, 553; Greenleaf Ev., Vol. II., Sec. 269; 3 R. C. L., 632; 67 Am. Dec., 562, Note.

The exception to the exclusion of the evidence, however, must be overruled. Value of real estate cannot be shown by tax assessments or the amount of taxes paid. *Penobscot Fibre Co.*, v. *Bradley*, 99 Maine, 263. Nor was the defendant aggrieved by the exclusion of the assessed value, if, indeed, any exception was taken to its exclusion by the defendant, inasmuch as the amount was later testified to and allowed to stand as its fair market value.

So far as appears from the bill of exceptions, the amount paid by the defendant for taxes was clearly inadmissible and properly excluded.

Certain instructions were requested, one of which was refused, but the exception to the refusal was not included in the bill of exceptions and is not considered, as this court cannot travel outside the bill of exceptions. *Feltis* v. *Power Co.*, 120 Maine, 101.

The other exceptions relate to certain parts of the charge of the presiding Justice in which it is urged that he exceeded his prerogative under Sec. 102, Chap. 87, R. S., and expressed an opinion as to the facts which the jury should find from the evidence.

Before considering the exceptions in detail, it may be well to state the interpretation which this court has already placed upon this statute. In *York* v. *Railroad Company*, 84 Maine, 117, 128, the court said, "A judge presiding in a court of justice occupies a far higher position and has vastly more important duties than those of an umpire. He is not merely to see that a trial is conducted according to certain rules and leave each contestant free to win what advantage he can from the slips and oversights of his opponent. He is sworn to 'administer right and justice.' He should make the jury understand the pleadings, positions and contentions of the parties. He may state, analyze, compare, and explain evidence. He may aid the jury by suggesting presumptions and explanations, by pointing out possible reconciliations of seeming contradictions and possible

solutions of seeming difficulties. He should do all such things as in his judgment will enable the jury to acquire a clear understanding of the law and the evidence and form a correct judgment. He is to see that no injustice is done." Finally, "He should so conduct the trial that no truth is overlooked and no right forgotten. To do these things he must necessarily have a large discretion."

Also see *State* v. *Day*, 79 Maine, 120; *McLellan* v. *Wheeler*, 70 Maine, 285; *State* v. *Means*, 95 Maine, 364; *Jameson* v. *Weld*, 93 Maine, 345; *Hamlin* v. *Treat*, 87 Maine, 310; *State* v. *Matthews*, 115 Maine, 84; *State* v. *Lambert*, 104 Maine, 394.

Suggestions for the consideration of the jury are not necessarily to be construed as directions to be followed, or expressions of opinion as to inferences or conclusions to be drawn from the evidence.

The jury in the case at bar were at the outset instructed that they were the sole judges of any disputed facts, that they were not to permit sympathy or bias or prejudice to influence them in arriving at their verdict.

The part of the charge covered by the first exception contained an instruction that the jury was entitled to form their own opinion from what they saw and heard on the witness stand. The statement that they could not avoid forming an opinion as to certain facts may have been a mere truism in the light of the testimony, which is not before us. So far as the language objected to is concerned, the opinion drawn might be favorable or unfavorable to the plaintiff.

The second exception is to a statement by the presiding Justice that the jury must decide whether the plaintiff had lost the affection of her husband prior to 1916 and in event she had, the defendant was not responsible.

In and of itself, it is hard to see how it could prejudice the defendant, even though the marriage did not take place until November, 1916. However, it was an obvious *lapsus linguae.* Other parts of the charge sufficiently made it clear to the jury that if the plaintiff had lost the affections of her husband prior to the defendant's coming into the family, or to such time as it was shown her enticements or influence began, the plaintiff could not recover.

The third and fourth exceptions are to portions of the charge in which the presiding Justice specifically called the attention of the jury to certain parts of the evidence, which he may properly do without infringing upon the statute invoked here.

The fifth, sixth, and seventh exceptions related to instructions, that in assessing the damages, the jury were to take into consideration that the plaintiff was entitled not only to the comfort and society of her spouse, but also to his financial aid during their married life. The chief ground of the objection to these instructions appear to be that the husband was still supporting her. Plaintiff's counsel objects to the consideration of this ground, because there is no evidence before this court that her husband was supporting her.

It is true, that there is no evidence before this court as to the nature and extent of the support provided, as it cannot accept statements of counsel in argument to supply facts omitted in the bill of exceptions, but the bill of exceptions, which was allowed by the presiding Justice, states as a fact that her husband was still contributing to her support and that his property was attached in her proceedings for divorce to the extent of $20,000. But even so, it was not improper for the jury to measure the aid she was entitled to receive as his beloved wife and determine to what extent, if any, she had been deprived of it or would be in the future. Support accorded after loss of all affection or in connection with divorce proceedings might differ considerably from the aid she would receive from a contented, loving husband; and likewise alimony, from her lawful share of his estate.

The presiding Justice did no more than call the attention of the jury to this element of damage mentioned in the statute. If the defendant desired additional instructions; that the jury should take into consideration such financial aid as the evidence showed she was receiving, she could have asked for it. None of the requested instructions bore on this question. She was content to let the instruction in general terms go to the jury. We think she cannot, under these circumstances, complain now.

Likewise, if, as the defendant now complains, the charge did not adequately place before the jury her contentions, she could have requested additional instructions. Such instructions as she requested with one exception, were given in substance. The one refused was not made a part of her bill of exceptions.

The eighth exception relates to an instruction that plaintiff was entitled to be reimbursed in case the jury found the defendant had alienated the affections of the husband and had held her or her child out to the taunts of the neighborhood. The right of the plaintiff to recover in this form of action for such humiliation and shame as she

may have suffered by reason of another woman having gained the affection of her husband is clear. There may also follow humiliation from having lost the affection of her husband by the enticement or persuasion of a relative, especially if the evidence showed that she was held up to the reproach of the community for the failure to retain her husband's affection.

It is very difficult for the Appellate Court to pass on the exceptions in this case without the evidence before it. The burden is on the defendant, however, to show she was aggrieved. She does not come to this court on the ground that the verdict was too large or was against the evidence, but rests her case on her bill of exceptions, by which this court is governed and limited in its consideration of the case. *Feltis* v. *Power Co.,* supra.

Language of the nature set forth in the portions of the Judge's charge objected to may have been amply justified by the evidence, or, at least, may have carried no special significance to the jury in the light of the evidence, except to pointedly call their attention to certain evidence and certain issues which they must decide.

It is not made clear to this court by the defendant's bill of exceptions that the presiding Justice violated the injunction placed upon him by Sec. 102 of Chap. 87, R. S., at least, to the point of prejudicial error.

*Exceptions overruled.*