THEODORE PAGE
*vs.*
HEMINGWAY BROS. INTERSTATE TRUCKING CO.

Kennebec.    Opinion, March 10, 1955.

*Edmund S. Muskie,* for plaintiff.

*Niehoff & Niehoff,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, TAPLEY, JJ. BELIVEAU, J., did not sit.

TIRRELL, J. This action was of assumpsit on account annexed to recover $822 for labor and materials. Plaintiff is an independent contractor engaged in doing general work in moving earth and gravel, and defendant is a corporation engaged as a common carrier in the hauling of freight in interstate commerce and in the State of Maine.

The defense to the action was a plea of the general issue, and consisted of a denial that the work done and labor furnished by the plaintiff was authorized by the defendant.

The evidence shows that the events leading up to this litigation took place in the summer of 1952. One James Welch owned a filling station in Winslow, and a part of the premises of this filling station was being used by the defendant on a rental basis for the parking of its trucks and the transfer of truck cargoes. In addition to the payment of rental at $45 a month, the defendant purchased gasoline and oil at

a discount at Welch's service station. During this summer of 1952 it was suggested that the transfer of truck cargoes by the defendant be undertaken at a point farther away from the edge of the main highway. Subsequently Welch discussed this suggestion with a Mr. Gaudreau, General Manager for the defendant. During this discussion it was proposed that a shelf be cut into a nearby embankment of earth so that trucks owned and operated by the defendant might back up to the shelf and use such platform to transfer cargo which was being transported in its trucks.

The case went to the jury and its verdict was that the plaintiff Page recover from this defendant the sum of $856.43. The case is now before this court on a bill of exceptions presented by the defendant and in addition thereto a general motion for a new trial. The first exception relied upon by the defendant is based on the following issue:

During the course of the trial James Welch was called as a witness and testified for the plaintiff. After testifying on direct examination that he had contracted with the plaintiff for labor and material and that he did so in behalf of the defendant and upon the express authority of the defendant, counsel for the defendant asked Welch on cross examination the following questions:

By MR. NIEHOFF:

Q. Did you tell Mr. Jortberg if the Hemingway people would agree to pay half of it they should give the check to you and not to Theodore Page because Page owed you money for gasoline and it is the only way you could get it?

A. No, sir.

Q. You had no such talk with Mr. Jortberg?

A. No, sir.

Q. Did Mr. Page owe you a bill at the time?

A. Yes, sir.

MR. MUSKIE: I object.

THE COURT: It is excluded. You will ignore it, members of the panel. Forget the question and that answer.

MR. NIEHOFF: I understand that was excluded?

THE COURT: That is right.

MR. NIEHOFF: I want to ask: Does he owe you any money now?

MR. MUSKIE: I object.

THE COURT: Excluded.

MR. NIEHOFF: The purpose is to show interest of the witness.

MR. MUSKIE: I object.

THE COURT: I think it is a bit far fetched. Excluded.

MR. NIEHOFF: May I have an exception?

THE COURT: You may have an exception.

To facilitate the discussion of the issues contained in defendant's bill of exceptions we will consider each exception as it occurred during the trial of the case. The exception above stated will be referred to as defendant's Exception No. 1.

It is the contention of the defendant that no person is excused or excluded from testifying in any civil suit or proceeding at law or in equity by reason of his interest in the event thereof as a party or otherwise, but such interest may be shown to affect the credibility of the witness. Chap. 100, Sec. 115, R. S., 1944, now Chap. 113, Sec. 114, R. S., 1954.

Interest signifies the specific inclination which is apt to be produced by the relation between the witness and cause at issue in the litigation. Wigmore on Evidence, 3rd Ed. Vol. III, Sec. 945.

Any motive which the witness may have, the manner in which the witness testifies and the temptation he might have to color his testimony should be taken into consideration by the jury. The jury has the right in both civil and criminal cases to consider the interest which the witness may have in the result of the litigation in which he is testifying. It is within the province of the jury to pass upon the weight of the testimony given by an interested witness. 58 *Am. Jur.* 495, Sec. 866.

The interest of a witness, and its extent, may always be shown on cross-examination, and the limit of such inquiry is within the discretion of the court. *Vermont Farm-Mach. Co.* v. *Batchelder*, 35 A. 378 (Vt.).

The weight of testimony and the credibility of witnesses are to be determined by the jury and not by the court. *Lyschick* v. *Wozneak*, 149 Me. 243; 100 A. (2) 425.

At the least, we hold that the ruling on the proffered question and answer was one well within the legitimate range of judicial discretion. It is well established that the limits to collateral cross-examination lie within the discretion of the trial justice, and his exercise of this discretion is not ordinarily reviewable. *State* v. *Rollins*, 77 Me. 380; *Thompson* v. *Thompson*, 79 Me. 286, 289, 9 Atl. 888, 889.

> "The limits of collateral cross-examination, are to be determined by the presiding judge, and his determination is not subject to revision or exceptions." *Grant* v. *Libby*, 71 Me. 427, 430.

The defendant must show that there was a clear *abuse of discretion* by the justice below.

In a Massachusetts case involving a point quite similar to the one at bar, the trial justice excluded evidence that the plaintiff signed a bond on the behalf of a witness after the defendant had sued the witness into debtor's court. The Supreme Court of Massachusetts said that such exclusion was within the discretion of the trial justice and that no reversible error had been caused. *Gavin* v. *Durden Coleman Lumber Co.*, 229 Mass. 576, 118 N. E. 897.

Beyond showing that the ruling of the presiding justice was clearly erroneous and an abuse of discretion, defendant must also demonstrate that such ruling was prejudicial to it. *Pitcher* v. *Webber*, 104 Me. 401, 71 A. 103; *State* v. *Ouellette*, 107 Me. 92, 77 A. 544.

The record clearly shows that the ruling of the justice presiding was not prejudicial to defendant. The transcript of the evidence shows that defendant's counsel was trying to bring out the interest of the witness Welch by questioning him as to bills which plaintiff owed Mr. Welch. This was objected to and such objection sustained. However, the transcript of the evidence shows that Mr. Jortberg, an employee of the defendant corporation, on direct examination by defendant's counsel, testified as follows:

"A. As I remember, he said that Page owed him some money for gasoline and he preferred having the money paid to him so that he could clear that account when he was paying Page."

This was not objected to by plaintiff's attorney and the evidence was before the jury in this instance, at least. The record shows that the very transaction which defendant's counsel contended showed interest on the part of Welch went into evidence, being brought out by defendant's counsel. For this reason defendant was not prejudiced by having this evidence produced for deliberation by the jury at a later stage of the proceedings. Any prejudice which might have occurred to defendant was erased by this later testi-

mony. This court has spoken on this very point before in the case of *Allard* v. *LaPlain*, 125 Me. 44, 45, 130 Atl. 737, 738, as follows:

> "Nor was the defendant aggrieved by the exclusion of the assessed value, . . . inasmuch as the amount was later testified to and allowed to stand as its fair market value."

The ruling of the presiding justice in excluding the cross examination above referred to was within his judicial discretion and is not here reviewable because the same testimony did not and could not prejudice defendant's case. The defendant takes nothing by the exclusion of this testimony by the presiding justice.

No reversible error was committed by the presiding justice in his remark, "I think it is a bit far fetched." made in connection with the exclusion of testimony regarding a debt owed the witness Welch by the plaintiff. As a matter of fact this issue is not properly before this court. It is well known and recognized law in this State that grounds for exception must be stated and exception taken at the time of the ruling. If counsel for the defendant thought the remark of the presiding justice was in contravention of the statute (R. S., 1944, Chap. 100, Sec. 105), and had he been desirous of preserving his rights by exception, it was his duty to call the attention of the court to the fact at the time instead of lying by in silence and taking a chance of a verdict in his favor. Reference to the transcript of evidence makes it clear to this court that defendant's counsel was excepting only to the ruling of the presiding justice as to cross-examination. Counsel had indicated the reason for his proposed cross-examination, but failed to suggest to the presiding justice that the statement, "I think it is a bit far fetched" was then being questioned. The presiding justice was given no opportunity to correct thereby any impression the jury might have received as a result of his remark. This

court does not consider the remark of the presiding justice as being improper and was in no manner prejudicial to the defendant. He used the language as indicated to inform counsel the reason for his ruling on the objection. It operated only as an explanation by the justice presiding as to the reason he had made such ruling, and nothing more.

In any event, the remark, if the remark could be considered as an expression of opinion, was not on an "issue of fact," as is referred to in R. S., 1944, Chap. 100, Sec. 105. See *Elwell* v. *Sullivan*, 80 Me. 207, at page 208. In this case the court said:

> "And it is not every remark of the presiding justice, especially when made to counsel in relation to the manner of conducting a cause, that is to be regarded as the expression of an opinion upon "issues of fact." If counsel thought the remark was in contravention of the statute, and he was desirous of preserving his rights by exceptions, it was his duty to call the attention of the court to the fact at the time, instead of lying by in silence and taking the chance of a verdict in his favor, and complaining afterward."

We now, therefore, decide that the defendant took nothing by his first exception and it is overruled.

The next exception as presented to this court by the defendant in its bill of exceptions is the refusal of the presiding justice to give certain requested instructions to the jury. At the conclusion of the charge to the jury by the presiding justice the defendant seasonably requested the following instructions:

(1) A person dealing with an agent assumes the risk of lack of authority in the agent. He cannot charge the principal by relying solely on the alleged agent's assumption of authority.

(2) If one deals with a special agent or an agent who has only special authority to act for his

principal, he acts at his peril, for he must acquaint himself with the strict extent of the agent's authority and deal with the agent' accordingly.

The presiding justice, as part of his charge to the jury, stated, and we now quote from the record:

"This is an action in which the plaintiff seeks to recover for labor and materials furnished, he alleges, the defendant company. The testimony you have heard, and in this case as in most civil cases, the testimony comes from the mouths of witnesses. It is oral testimony, and it is what you have here, and the case centers largely, almost wholly, on one point and that is the one point that is in issue: Was Mr. Welch the agent of this defendant? This defendant had the power, authority and the right if it saw fit to appoint or to make Mr. Welch its agent for this or any other thing it saw fit to do and any other thing which Mr. Welch engaged to do for them.

"I am not going over the testimony. You have heard it. You have heard Mr. Welch's testimony. You have heard the testimony of the representatives of this defendant company.

". . . In this case it is claimed the defendant made Mr. Welch its agent, and as I said, had authority to do that. Now, did it? The burden is on the plaintiff to satisfy you by a fair preponderance of the evidence that that is what happened."

We are of the opinion that the charge to the jury by the presiding justice in this case, taken as a whole and in connection with the evidence, was sufficient and proper. *Reed et al.,* v. *Power Co.,* 132 Me. 476, at 480. Where the elements of the law have been fully and adequately covered by the charge, the judge is not required to give further instructions on the point. *Desmond, Pro Ami* v. *Wilson,* 143 Me. 262; *Dall* v. *Electric Co.,* 126 Me. 261.

The court is not required to charge the jury in the precise language used by counsel. The exceptions to the refusal of the presiding justice are also without merit and are hereby overruled.

Having overruled the defendant's exceptions, we now pass to the general motion for a new trial. This court on so many different occasions has refused to grant new trials on the grounds usually contained in general motions, such as here appears, that the law concerning the same is well established and citations are unnecessary. There was ample evidence for the jury to decide the issue as it did and this court will not interfere nor become the trier of facts. The motion is denied.

The entry must be

*Exceptions overruled.*
*Motion denied.*