STATE OF MAINE
*vs.*
JOSEPH JUTRAS

Cumberland. Opinion, September 22, 1958.

*Arthur Chapman,*
*Clement Richardson,* for plaintiff.

*Theodore Barris,*
*Douglas P. MacVane,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SULLIVAN, J.   The respondent was tried before a jury upon a complaint charging him with the buying and receiving of stolen property of a value less than $100. R. S. (1954), c. 132, § 11.  During the trial the respondent excepted to the exclusion of some testimony and to an instruction by the court.  The verdict was guilty and the respondent prosecutes his exceptions.

The State called as a witness one of the purloiners of the chattel who testified as to the theft of the article from Mid-Central Fish Company and as to the sale of the property to the respondent who had been advised before purchase, according to the witness, that the object had been stolen.

We reproduce the significant portion of the cross-examination of that witness:

"Q. Were you charged with breaking and entering into the Mid-Central fish?

(State's counsel) "I object.

"The Court: He has already testified to his convictions.

(Defense counsel) "I am asking, Your Honor, whether or not he was charged with breaking and entering the Mid-Central Fish.

(State's counsel) "I object.

"The Court: Excluded.

"Q. Were you charged with larceny of this particular torch?

(State's counsel) "I object.

"The Court: Excluded.

(Defense counsel) "May I have an exception please?

"The Court: May I talk with the counsel?"

" (Bench Conference)

"The Court: I will instruct the jury that this reference to charges is improper. The only thing that can be considered, as the Court told you the other day, would be records of convictions and then only with reference to credibility."

In *State* v. *Turner* (1927), 126 Me. 376, 377, this court held:

"- - - In order to avail himself of the right to have his objections to the exclusion or admission of evidence reviewed by this court, the party whose objections have been overruled at nisi prius must state, for the record, the grounds for his objection. McKown v. Powers, 86 Me. 296 - - - - -"

From the portion of the record of the cross-examination quoted above it will be noted that defense counsel for the court's reflection distinguished his questioning about a charge from an interrogatory concerning a conviction. The colloquy was broken by the "Bench Conference." We are deprived of any further interlocution. The bench conference was proposed by the court without solicitation from defense counsel. Forthwith after the muffled parley came the ruling that the references to charges were improper and that records of convictions and those only with reference to credibility could be considered by the jury. The ruling as stated verbatim above following, as it did, defense counsel's distinction would imply that during the bench conference the topic of charges had been entertained and rejected to the exclusion of all inquiries save as to convictions. In strict propriety defense counsel should have thereupon formally injected the specific grounds of his objection into the record. But we are satisfied that the respondent because of the special circumstances is in fairness entitled to urge his exception and that the court yielded to a like conviction in allowing the exception.

R. S. (1954), c. 113, § 114 reads as follows:

"No person is excused or excluded from testifying in any civil suit or proceeding at law or in equity by reason of his interest in the event thereof as party or otherwise, except as hereinafter provided, *but such interest may be shown to affect his credibility,* and the husband or wife or either party may be a witness." (Italics supplied.)

In *State* v. *Curcio* (1957), 23 N. J. 521, 129 A. (2nd) 871 the court quoted with approval from the earlier case of *State* v. *Spruill,* 16 N. J. 73, 78, 106 A. (2nd) 278, 281 (1954), as follows:

P. 873.

" 'The basic question is one of interest. Interest is no longer a disqualification; but it is a circum-

stance that may be used to impeach the witness. The interest of a party or a witness in the event of the cause is a factor to be considered in assessing his credibility. At common law a witness was rendered incompetent to testify by reason of interest in the outcome of the action; and, while the incompetency has been removed the bias that such interest would occasion is still to be reckoned with in determining the probative force of the testimony. Every fact or circumstance tending to show the jury the witness' relation to the case or the parties is admissible to the end of determining the weight to be given to his evidence. Trinity County Lumber Co. v. Denham, 88 Tex. 203, 30 S. W. 856 (Sup. Ct. 1895) ; Wigmore on Evidence (3d ed.) sections 526, 966.' "

In *Page* v. *Hemingway Bros. Interstate Trucking Co.* (1955), 150 Me. 423, 427, this court said:

"Interest signifies the specific inclination which is apt to be produced by the relation between the witness and cause at issue in the litigation. Wigmore on Evidence, 3rd Ed. Vol. 111, Sec. 945.

"Any motive which the witness may have, the manner in which the witness testifies and the temptation he might have to color his testimony should be taken into consideration by the jury. The jury has the right in both civil and criminal cases to consider the interest which the witness may have in the result of the litigation in which he is testifying. It is within the province of the jury to pass upon the weight of the testimony given by an interested witness. 58 Am. Jur. 495, Sec. 866.

"The interest of a witness, and its extent, may always be shown on cross-examination, and the limit of such inquiry is within the discretion of the court. Vermont Farm-Mach. Co. v. Batchelder, 35 A. 378 (Vt.).

"Beyond showing that the ruling of the presiding justice was clearly erroneous and an abuse of dis-

cretion, defendant must also demonstrate that such ruling was prejudicial to it. Pitcher v. Webber, 104 Me. 401, 71 A. 103; State v. Ouellette, 107 Me. 92, 77 A. 544."

In Wigmore on Evidence, 3d ed., the author states:

§ 966.

"- - - There is no doubt that the interest of a party or of a witness in the event of the cause is a circumstance available to impeach him: - - - -"

§ 967.

"It bears against a witness' credibility that he is an accomplice in the crime charged and testifies for the prosecution; and the pendency of any indictment against the witness indicates indirectly a similar possibility of his currying favor by testifying for the State."

In a footnote (1) to the first clause of the above § 967, Professor Wigmore says:

"This is unquestioned; - - - - -"

In the instant case the witness under cross-examination was a self-confessed accomplice of the respondent in the full sense of that term.

*State* v. *Rosa* (1904), 71 N. J. L. 316, was a trial for murder and the following excerpts set forth the issue and the court ruling:

P. 318.

"One of the state's witnesses, named Conti, testified that while in the jail where the defendant was confined he overheard the latter telling two other prisoners that he, the defendant, had shot Benedetto and Demetrio. On cross-examination of this witness by Mr. Stagg, the defendant's counsel, the record presents the following:

"Q. You were arrested at the same time that Jerry was arrested, were you not, on this charge?

"The Court—What has that got to do with it, Mr. Stagg?

"Mr. Stagg—The question was asked in the other case.

"The Court—A charge of crime does not affect the credibility of the witness. There is no law for it and no common sense for it; the fact that he has been accused of crime does not affect his credibility.

"Mr. Stagg—He is charged with the same crime, and it seems to me that it affects his credibility.

"The Court—You might accuse him of this crime, but that does not affect his credibility in any proper sense and ought not to be taken into consideration in showing how he came to be in jail.

"To which ruling of the court the defendant's counsel prays an exception, - - - - -"

P. 319.

"We think this exception was well taken. It appears by the record that Conti was confined in the county jail for some undisclosed reason from the day after the shooting until his examination at this trial, and if in answering the question above quoted he had admitted that he had been arrested on a charge of the very crime for which the defendant was being tried, a motive might have been found for his fabrication of testimony to convict the defendant and thus to exonerate himself. While, of course, a mere charge of crime, disconnected with the subject under investigation, does not affect the credibility of a witness, the fact that a witness knows himself to be officially accused of the crime which his evidence tends to fasten upon another person cannot be overlooked in considering whether he is free from every influence that might lead to falsehood. The conviction of this defendant for a murder perpetrated by a single shot would be likely to end all search for the murderer, while his acquittal might revive and stimulate investigation of other

suspected persons, and the defendant had the legal right to put in evidence the grounds on which it could be argued before the jury that this thought in the mind of the witness impaired his credibility.

"The reason for allowing the question was sufficiently, although in general terms, presented by counsel, and its exclusion was injurious to the defendant upon the merits of the case."

In *Alford* v. *U. S.* (1930), 282 U. S. 687, the petitioner had been convicted of using the mails to defraud. A witness had testified against him. The witness was serving a federal sentence. On cross-examination questions seeking to elicit the witness' place of residence were excluded on the government's objection that such inquiries were immaterial and not proper for cross-examination. The witness was the first one called by the government from whom it had not ascertained the address. The Supreme Court of the United States held:

P. 691.

"Cross-examination of a witness is a matter of right. The Ottawa, 3 Wall. 268, 271. Its permissible purposes, among others, are that the witness may be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood, cf. Khan v. Zemansky, 59 Cal. App. 324, 327 ff.; 3 Wigmore, Evidence (2d ed) § 1368 I. (1) (b); that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment, Kirschner v. State, 9 Wis. 140; Wilbur v. Flood, 16 Mich. 40; Hollingsworth v. State, 53 Ark. 387; People v. White, 251 Ill. 67, 72 ff.; Wallace v. State, 41 Fla. 547, 574 ff.; and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased. Tla - Koo - Yel - Lee v. United States, 167 U. S. 274; King v. United States, 112 Fed. 988; Farkas v. United States, 2 F. (2d) 644; see Furlong v. United States, 10 F. (2d) 492, 494.

"Counsel often can not know in advance what pertinent facts may be elicited on cross-examination. For that reason it is necessarily exploratory; and the rule that the examiner must indicate the purpose of his inquiry does not, in general apply. Knapp v. Wing, 72 Vt. 334, 340; Martin v. Elden, 32 Ohio St. 282, 289. It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them. Tla-Koo-Yel-Lee v. United States, supra; King v. United States, supra; People v. Moore, 96 App. Div. 56, affirmed without opinion, 181 N. Y. 524; cf. People v. Becker, 210 N. Y. 274. To say that prejudice can be established only by showing that the cross-examination, if pursued, would necessarily have brought out facts tending to discredit the testimony in chief, is to deny a substantial right and withdraw one of the safeguards essential to a fair trial. Nailor v. Williams, 8 Wall. 107, 109; see People v. Stevenson, 103 Cal. App. 82; cf. Brasfield v. United States, 272 U. S. 448. In this respect a summary denial of the right of cross-examination is distinguishable from the erroneous admission of harmless testimony. Nailor v. Williams, supra."

P. 693.

"But counsel for the defense went further, and in the ensuing colloquy with the court urged, as an additional reason why the question should be allowed, not a substitute reason, as the court below assumed, that he was informed that the witness was then in court in custody of the federal authorities, and that that fact could be brought out on cross-examination to show whatever bias or prejudice the witness might have. The purpose obviously was not, as the trial court seemed to think, to discredit the witness by showing that he

was charged with crime, but to show by such facts as proper cross-examination might develop, that his testimony was biased because given under promise or expectation of immunity, or under the coercive effect of his detention by officers of the United States, which was conducting the present prosecution. King v. United States, supra; Farkas v. United States, supra, and cases cited; People v. Becker, supra; State v. Ritz, 65 Mont. 180, and cases cited on p. 188; Rex v. Watson, 32 How. St. Tr. 284. Nor is it material, as the Court of Appeals said whether the witness was in custody because of his participation in the transactions for which petitioner was indicted. Even if the witness were charged with some other offense by the prosecuting authorities, petitioner was entitled to show by cross-examination that his testimony was affected by fear or favor growing out of his detention. See Farkas v. United States, supra; People v. Dillwood, 39 Pac. (Cal.) 438.

"The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted. Storm v. United States, 94 U. S. 76, 85; Rea v. Missouri, 17 Wall. 532, 542-543; Blitz v. United States, 153 U. S. 308, 312. But no obligation is imposed on the court, such as that suggested below, to protect a witness from being discredited on cross-examination, short of an attempted invasion of his constitutional protection from self-incrimination, properly invoked. There is a duty to protect him from questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate him. Great Western Turnpike Co. v. Loomis, 32 N. Y. 127, 132; Wallace v. State, supra; 5 Jones, Evidence (2d ed.) § 2316. But no such case is presented here. The trial court cut off in limine all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-

examination. This was an abuse of discretion and prejudicial error. - - - -"

Compare, also, *People v. Dillwood* (1895), (Cal.), 39 Pac. 438, 439; *State* v. *Bailey* (1956), (Ore.), 300 P (2nd) 975; *State* v. *Curcio* (1957), 23 N. J. 521, 129 A. (2nd) 871.

We must conclude that the presiding justice in the instant case erred in excluding the testimony which is the subject of the respondent's exception and that the mistake was prejudicial.

In view of our decision there is no requirement that we entertain the companion exception but suffice it to say that a reading of R. S. (1954), c. 145, § 12 — the statute rendering proof of bailment sufficient evidence of ownership in this case — will demonstrate that the presiding justice was correct in his instruction to the jury.

*Exceptions sustained.*