**STATE of Maine**

**v.**

**William G. SMITH.**

Supreme Judicial Court of Maine.

July 3, 1968.

Ronald E. Ayotte, Sr., County Atty., Alfred, for appellant.

George A. Bouchard, Norway, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPEY, MARDEN and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal. The appellant was charged with operating a motor vehicle while under the influence of intoxicating liquor. He defended by contending that if his mental or physical faculties were impaired at the time of the alleged driving, such impairment was due not to alcohol, but to his ingestion of medication which was described as "a synthetic analgesic."

Following the charge to the jury, to which no objections were taken, the jury returned to the courtroom to report "a conscientious division" on the facts.

The presiding Justice gave the jury in substance the instructions which Maine

practice recognizes as "Eighth Cushing" (Commonwealth v. Tuey, 8 Cush. 1, 62 Mass. 1).

Following the supplemental instruction, no objection was voiced by the appellant, but following the return of a guilty verdict appellant expressing a desire "to reserve some exceptions to the additional instructions" and the presiding Justice, recognizing that he gave the appellant no specific opportunity to enter objections following the supplemental charge, permitted the objection to be recorded and the case is before us purportedly on appeal from the supplemental charge.

■  Preliminarily it must be pointed out that this purported appeal was never perfected and is not properly before us.

Absent the docket entries in the record, the material before us indicates judgment on January 19, 1967 with notice of appeal dated February 6, 1967, more than 10 days after judgment and contrary to the provisions of Rule 37(c) M.R.Crim.Proc. We take cognizance that the presiding Justice informed counsel that he had *thirty* days in which to appeal.

■  Additionally the record does not indicate that the respondent filed any designation of the contents of the record desired on appeal or points on which he intended to rely, required by Rule 39(a) M.R.Crim.Proc. and Rule 74(d) M.R.C.P., with the result that there are no issues presented for our determination.

From study of the transcript, however, the purported appeal adequately raises only the propriety of the presiding Justice's, after jury disagreement, giving the jury the substance of the instruction used with approval in *Tuey,* supra, and used many times in Maine practice under similar circumstances. See State v. Pike, 65 Me. 111, 116, and State v. Rollins, 77 Me. 380, 382.

■  Such paraphrasing of "Eighth Cushing" as the presiding Justice indulged in was without prejudice to the respondent

and although respondent entered no objection at the close of the charge, the Court recorded the tardy objection as one which respondent had had no previous opportunity to express. See Rule 51 M.R.Crim. Proc.

Were the case properly before us, there is no error prejudicial to the respondent.

Judgment affirmed.

DUFRESNE, J., did not sit.